Frazer to increase the mortgage debt or amount of the incumbrance by any such agreement than it would have been to affect them by an additional mortgage subsequently executed for the increased sum.— He could only bind himself personally that the interest on the mortgage debt should be thus computed, and the complainant as against him personally is entitled to a decree at the increased rate of interest. But as far as relates to the lien of the mortgage upon the land, all of which has been sold to other parties, complainant is only entitled to a decree for the amount at seven per cent interest, as if the agreement had never been made.

The decree as to defendant Frazer should be modified so as to allow the recovery against him of any balance of the mortgage debt, calculating the amount at ten per cent interest, according to the terms of the agreement and in other respects affirmed, and the record sent back to the court below for the execution of the decree— complainant to recover costs in this Court as against Frazer, but the other defendants recover their costs of appeal against complainant.

---

## SMITH *et. al. vs.* WEBSTER *et. al.*

Liability of principal for trespass of agent or servant. Relation of master and servant.

Error to Jackson Circuit.

*Opinion by* CAMPBELL, C. J.—Plaintiffs sued defendants for trespass for the destruction of trees upon their lands. The alleged trespass was not committed by the defendants themselves, but by others in their employ who were engaged in cutting trees and gathering bark for defendants on their own lands, and went on plaintiff's lands, as they claim by mistake.

The Circuit Court held that there was no liability in this action, unless the trespass was committed by the actual direction of defendants, or was ratified by their assent, or appropriation of the property, with knowledge of the trespass. And the Court refused to charge that any wrongful act or negligence of the defendants whatever could subject them to this action.

It was claimed on the argument that the persons doing the

wrong were not in law the servants of the defendants, but were in the position of independent contractors, for whose acts none but themselves and their immediate employees could be held liable.

*Held*, That the evidence warranted no such conclusion. The men were employed as laborers of defendants, subject entirely to their control. The intermediate agent was an overseer, and the acts complained of were done in the regular course of business, not wilfully. All these were servants of the defendants, and the latter are responsible for their acts. If the offence of the men would be trespass, there is no sense in holding the master exempt from the same kind of responsibility, and however the common law may have been, the policy of our statutes would hold absent employers liable.

The action was properly brought, and the evidence tended to prove no other relation than that of master and servant.

Judgment reversed with costs, and a new trial ordered.

## ARNOLD vs. NYE.

It is to be presumed from the judgment, except in the case of inferior tribunals or those not proceeding according to the course of the common law, that jurisdiction of the parties was duly obtained.

The appearance of an attorney for a defendant is to be taken as *prima facie* evidence that he had authority to appear.

The want of a seal to an execution does not render it void, and such execution may be amended.

In the computation of the time required by statute in the service of notice of an application for an order for a commission to take testimony, the day of service is to be excluded, and that on which the application is to be made included.

Notice of the settlement of interrogatories may be served at the same time with the notice of the application for a commission.

Discretion of the Judge as to cross-examination.

A Deputy Sheriff, after the expiration of his term of office, was permitted without any affidavit or other showing, to endorse on a declaration served by him while in office, an amendment to his return so as to show that a copy of a rule to plead was endorsed on the copy served by him. *Held*, That this was error.

Error to Washtenaw Circuit.

*Opinion by* COOLEY, J.—*Held*, That the objection taken to the ssion in evidence of the judgment in the Federal Court against