NATHANIEL J. HAYWOOD V. WILLIAM JOHNSON AND PHILIP L. WIXSON.

*Venue of transitory actions.*

Transitory actions can be brought in those counties only where the court would be legally entitled to try and decide them on their merits; they cannot be begun in a county where neither party resides, to be thereafter removed to the proper county for trial.

Jurisdiction of transitory actions may be questioned and decided on motion based upon affidavits, if the facts are not of record or

within judicial notice; a plea is not essential, and the party asserting the jurisdiction can waive a formal issue on the motion.

A circuit court has power to decide on its own jurisdiction subject to review.

*E. G. Stevenson* and *O'B. J. Atkinson*, for plaintiff in error. Questions of jurisdiction depending on facts outside of the record should be raised by plea and not by motion. *Jewell v. Lamoreaux*, 30 Mich., 155; *Cleveland v. Welsh*, 4 Mass., 591; *Murphy v. Merrill*, 12 Cush., 284; *Hastings v. Bolton*, 1 Allen, 529.

*Levi L. Wixson* for defendant in error Wixson. Where all parties to a suit on a note reside outside of the county where it was instituted, the circuit court for that county has no jurisdiction of the case. *Turrill v. Walker*, 4 Mich., 177; *Detroit F. & M. Ins. Co. v. Saginaw Circuit Judge*, 23 Mich., 492. A motion to dismiss a case may properly be made on an affidavit of non-residence. *Field v. Judge of Superior Court*, 30 Mich., 10; *Dunn v. Hazlett*, 4 Ohio St., 436; *Stoddard v. Coffin*, 10 Wend., 602; *Exp. Green v. Oneida Com. Pleas*, 10 Wend., 592. Where there is a failure of jurisdiction, a court can abate proceedings on its own motion. *Tingley v. Bateman*, 10 Mass., 344.

GRAVES, J. Haywood brought this action in the county of St. Clair to recover against the defendants on their joint promissory note. It was commenced by declaration and the service was made on Johnson in that county and two days later on Wixson in Sanilac county. All the parties were residents of the state, but non-residents of St. Clair county.

Wixson claiming that the suit was not well brought in consequence of such non-residence and of the fact that service was made on him in another county, moved the court to set aside the proceedings, and the court set them aside so far as they related to him.

The plaintiff objects to the decision on two grounds.

*First*, that the second clause of Comp. L., § 5970 *
prescribes the place of trial, but does not confine the
commencement of transitory actions to any place, and
that there is no law that does so.   That such actions
may be brought in any county in which a joint defend-
ant can be found and served, and that after such
service any other joint defendants may be brought in
and subjected to the jurisdiction by means of service
upon them anywhere in the State.   § 5748 as amended
in 1873, 1 Sess. L. 1873, p. 471.   That in case an issue of
fact is raised for trial, the provisions which prescribe in
what county the issue must be tried may be carried out
and the intent be complied with by a removal of the action
to some county "where one of the parties" resided
when it was commenced (§ 5970—2d clause), and that
subject to the chance of an issue of fact coming up to
cause a transfer to a county where one of the parties
resided "at the time of commencing such action," the
suit may be brought in any county where a defendant
can be found.

The laying the action or giving venue in cases
transitory proceeds upon the idea that the plaintiff
ought to specify a county wherein a jury may be had
and the cause be tried on the merits under an issue of
fact in case one is arrived at, and I have never supposed
the theory to be compatible with the bringing of a suit in
some county in which the law has already said it can-
not be so tried.   My own understanding has always

---

* (5970.) SEC. 2.   Issues of fact shall be tried in the proper
county, as follows:

*First.* Actions for the recovery of any real estate, or for the
recovery of the possession of real estate; actions for trespass on
land, and actions of trespass on the case, for injuries to real estate,
shall be tried in the county where the subject of the action shall be
situated.

*Second.* Actions of slander, for libels, and all other actions for
wrongs, and upon contracts, shall be tried in the county where one
of the parties shall reside at the time of commencing such action,
unless the court shall deem it necessary for the convenience of par-
ties and their witnesses, or the purposes of a fair and impartial trial,
to order any such issues to be tried in some other county; in which
case the same shall be tried in the county so designated.

been that the law intended that transitory actions
should be brought in those counties only where the court
would be entitled to try and decide them upon the
merits, and that no circuit court had been given the
qualified jurisdiction of a tribunal entitled only to begin
cases and then remove them in order to preserve them
in life and place them where it would be lawful to try
and complete them.   This opinion remains unchanged
and it accords with what has been the inclination of the
court.  *Barnard v. Hinkley,* 10 Mich., 458; *Detroit F. &
M. Ins. Co. v. Judge of Saginaw Circuit Court,* 23 Mich.,
492.

There are many considerations which weigh against
the view that any such practice as that contended for
has been authorized.  Some of them may be suggested.

If the construction urged is sound it applies as well
to ejectment and all actions concerning real property
as to actions transitory in their nature, and equally to
suits commenced by capias as to those commenced by
summons or declaration.

The statute (see the first seven sections of ch. 103, Rev.
Stat. 1846)* assumes to define what shall be the law of

SECTION 1. All issues of fact which shall be joined in any pro-
bate court, shall be sent for trial and tried in the circuit court for
the same county.
  SEC. 2. Issues of fact joined in such actions, shall be tried in
the proper county, as follows:
  1. Actions for the recovery of any real estate, or for the recov-
ery of possession of real estate, actions for trespass on land, and
actions of trespass on the case for injuries to real estate, shall be
tried in the county where the subject of the action shall be situated:
  2. Actions of trespass for injuries to the person; and actions on
the case for injuries to the person, or personal property, shall be
tried in the county where the cause of action arose:
  3. Actions of slander, for libels, and all other actions for wrongs,
and upon contracts, shall be tried in the county where one of the
parties shall reside, at the time of commencing such action; unless
the court shall deem it necessary for the convenience of parties and
their witnesses, or for the purposes of a fair and impartial trial, to
order any such issues to be tried in some other county; in which
case the same shall be tried in the county so designated.
  SEC. 3. In suits against public officers, or against any person
specially appointed to execute the duties of such officers for any
act done by them by virtue of their offices respectively, and in suits
against other persons, who, by the command of such officers, or in
their aid or assistance, do anything touching the duties of such
  41 MICH.—76.

locality of the different kinds of actions, and the same expression is used in the provision relating to real actions and others concerning real estate as in that relating to actions on contract and others of a more personal nature. They are required to be "tried" in the proper county, but nothing is said in terms as to any necessity for their commencement in any special place, as in the other provision the express restriction relates only to the place of trial, and in *Campau v. Dewey* it was held by this court that the provision in the same statute for changing venue was just as applicable to the actions relating to real estate as to any others. 9 Mich., 381. The actions in the two subdivisions of § 5970 stand therefore on the same ground in regard to the right claimed.

In the one class, the action is to be "tried" in the county where one of the parties shall reside at the time of commencing such action, "and in the other the action is to be 'tried' in the county where the subject of the action shall be situated," and there is the same power to change the venue in actions of the one class as in those of the other. If, as between inhabitants of the State it is regular practice under the language of the statute to bring an action on contract in a county where neither party resides, then it must be equally

office, which are required by law to be laid in the county where the fact happened, if it shall not appear on the trial, that the cause of such action arose within the county where such trial is had, the jury shall be discharged, and judgment of discontinuance shall be rendered against the plaintiff.

SEC. 4. All issues of fact joined in any court proceeding according to the course of the common law, shall be tried by jury, except in those cases where a reference shall be ordered, or where the parties agree upon a case, and submit the facts to the court, or where the parties agree in writing to dispense with a jury.

SEC. 5. Written notice of trial of every issue of fact in a circuit court, shall in all cases be served at least fourteen days before the first day of the court at which such trial shall be intended to be had.

SEC. 6. A note of the issue joined in any cause in a circuit court, shall be served on the clerk of such court, at least four days before the opening of such court.

SEC. 7. It shall not be necessary, in any case, to issue or award any venire for the summoning of jurors to attend any circuit court.

regular as between such persons to bring ejectment in a county other than that in which the land is situated.

But the reasons are very strong against the supposition that it has been intended to allow such actions to be brought without any regard to locality. They must readily occur to the profession.

Then in regard to suits by capias where the defendant may be arrested and committed in default of bail. In this State at least, the policy of the law has not been supposed to countenance any practice obviously favoring an oppressive use of process. And surely nothing could afford greater facility for it than a right to cause one to be arrested in a civil matter in any county in which he might happen to be found or through which he might happen to be passing however remote from his residence and acquaintance, and where his only practicable alternatives might be an imprisonment or immediate submission to oppressive and wicked exactions. Indeed it is very easy to see that a door would be opened for the perpetration of enormous abuses under color of "due process of law."

Moreover, the principle would extend to cases against all sorts of public officers. The sheriff would not be exempt. He would be exposed to arrest and confinement in foreign counties.

Without dwelling on this idea it is enough to add. that no one can trace the consequences of such a practice and contrast them with various regulations scattered through the statutes without seeing its inconsistency and want of propriety.

Finally, the Legislature have distinctly indicated their sense that under the provisions requiring actions to be "tried" in particular counties, and permitting a change of venue, it was not competent to make a beginning in a county not so designated as the county for trial, and then continue the case in being by removal to the proper county.

This appears from the act of 1861 (Comp. L., § 5976)

allowing suits for trespass on land to be commenced "in any county where [the] defendant may be," in case he is not a resident of the county where the land is situated. The essence of this act is to enlarge the plaintiff's remedy and enable him to commence his action, when without it, as was supposed, he could not do so because of the defendants's non-residence in the county, where, according to the previously existing law it was required to be "tried" (*Smith v. Webster*, 23 Mich., 298–301), and the passage of this statute implies very clearly that the Legislature were satisfied that under the antecedent provisions respecting the place of trial the defendant was only suable in the very county in which by such provisions the action was ordered to be "tried," and that the new regulation was indispensable to enable the actions mentioned in it to be brought at all, in case of the defendant's residence in a different county. According to the view contended for, however, the Legislature acted under a misapprehension and the statute of 1861 was substantially needless. The suit could be well brought under the old statutes in any county in which the defendant might be found, and then transferred if necessary to the proper county for trial. In my judgment the Legislature committed no error. The meaning of the statute concerning the forum of transitory actions is, as I think, that unless the venue is changed, the county in which the suit is brought and that in which the trial is had must be the same, and that the trial must be had in a county in which one of the parties resided at the commencement of the suit in case the venue remains. And hence the action must be brought in a county in which one of the parties resides, or in other words in a county where the cause can be tried on the merits if the venue continues as laid at the commencement.

It follows that the suit was not well brought against Wixson in St. Clair county.

*Second.* It is further urged that admitting the result

reached by the circuit court to have been correct, it was still error to allow the question to be raised and decided upon motion founded on affidavit, instead of putting the party to his plea, and that for such error the determination should be reversed.

It is true the facts which appeared in the record when the motion was noticed disclosed no jurisdictional fault. There was evidence of service on one joint defendant within the county, and on Wixson, the other joint defendant, thereafter, in another county, and this was authorized by statute if the other proceedings were proper (§ 5748 *supra*), and there was nothing in the record to show they were not. There was no evidence that either party was non-resident of the county.

It was found necessary to bring in facts by affidavit in order to support the motion.

The technical mode for making the objection was therefore by plea by which the extrinsic facts would be brought on the record and an opportunity be given according to general practice for a final issue and a regular review on writ of error. *Jewell v. Lamoreaux*, 30 Mich., 155; *Nye v. Liscombe*, 21 Pick., 263; *Guild v. Richardson*, 6 Pick., 364; *Bishop v. Vose*, 27 Conn., 1. But a majority of the court think that instead of proceeding to raise an issue by the formal and somewhat dilatory course by pleading, it was perfectly admissible for the court, in case the plaintiff wished to control the point on an issue joined, to frame an issue on the basis of the motion and then proceed without unnecessary delay to try it and get a determination of the fact on the record with the same effect as though the issue had been introduced by pleading. But it may be objected against this that to require the denial of jurisdiction to be introduced in this way would be inconsistent because it would be requiring the tender of an issue for trial and at the same time denying the right of the court to try it. The objection is more apparent than real. It will not be denied that if the facts showing want of juris-

diction are not of record or subject to judicial notice, a bare objection either by plea or motion cannot suspend the authority of the court and dictate the removal of the cause to another county. If the point is matter of dispute there must be an adjudication to decide it. Nothing can be taken for granted, and the law makes no provision for an immediate reference of an objection to the jurisdiction of the circuit court for one county to the circuit court for another county. The circuit court is one of general jurisdiction and the case in question is one pertaining to such jurisdiction, and on such an objection as that taken there can be no assumption that the incompetency charged actually exists. To contend otherwise would imply that a prohibition could always be obtained by the simple process of exclaiming against the jurisdiction. A removal to another county would be futile, because the same thing could be repeated indefinitely. It must be admitted that the circuit court had power to decide upon its own jurisdiction, subject to review of course, and to investigate such facts and in such mode as the attainment of the end called for. It was not brought to a stand by the bare offer of the objection. The question raised was whether the court had any right to adjudicate on the subject matter of the suit, and it was preliminary and its solution was demanded in advance of any consideration of the cause of action. It was an incident of the proceeding and of the main jurisdiction which the court could not evade and was not permitted to regard as an insurmountable obstruction to anything further.

The course and extent of future action would have to depend not on the raising of the question, but on the solution of it.

The statute prescribing in what counties issues of fact shall be tried was not intended to prevent the circuit court from inquiring into its own jurisdiction, and whether the conditions of jurisdiction do or do not exist in any given case was meant to be left for trial accord-

ing to safe methods and in such way as to admit of review under recognized forms of proceeding.

It appears as an unavoidable conclusion that the circuit court in which the action is brought retains the authority to proceed and try the matter of fact on an issue produced by pleading or framed on a motion.

But notwithstanding the plaintiff was entitled to insist upon an issue to be tried, he was not bound to do so. He was at liberty to waive it and allow the question to be decided on motion without any issue, and take the risk of being able to obtain a revision. In case the facts are in the record and do not require to be brought forward by affidavit, there can be no question of the right of the court to hear and decide on motion and without requiring an issue. It does not appear that the plaintiff waived the necessity of an issue, and as the court proceeded irregularly the only remaining inquiry is whether it worked him any prejudice.

There has been no contention about the facts. They appear to have been unquestioned in the court below and have not been questioned here. The brief of plaintiff's counsel virtually admits the entire correctness of the statement on the other side, and his argument has proceeded on the assumption of its accuracy. The charges of error point the same way. Moreover the order of the court sought to be reversed states that it appeared that all the parties were non-residents of the county. In short the case has been brought here and argued upon the claim and admission that the facts were truly stated in the papers.

Under these circumstances the court is not able to see that the plaintiff has suffered any injury from the fact that the objection was made and disposed of on the bare motion. Had the question been settled on the trial of a regular issue, the end could not have been different, and no chance for advantage is discovered. If the test of expense is applied he could hardly have been a

gainer, and in all probability would have suffered more. As no. error is shown of which the plaintiff is authorized to complain, the judgment should be affirmed with costs.

The other Justices concurred.