GRAY and others *v.* QUICKSILVER MINING Co.

*(Circuit Court, D. California.   August 18, 1884.)*

JURISDICTION OF CIRCUIT COURT—SUIT AGAINST FOREIGN CORPORATION—WHERE
    BROUGHT—ACT OF 1875, § 1—WAIVER OF EXEMPTION—APPOINTMENT OF
    AGENT, UPON WHOM PROCESS MAY BE SERVED.

> The act of congress prescribing the place where a person may be sued is not
> one affecting the general jurisdiction of the courts.   It is rather in the nature
> of a personal exemption in favor of a defendant, which he may waive; and
> when a foreign corporation, in pursuance of the laws of a state in which it
> carries on business, designates a person upon whom process may be served, it
> thereby consents to be sued in the district embracing such state, and waives
> the exemption granted to it under the act of congress.

Motion to Quash Service of Subpœna.

*Wm. Matthews,* for motion.

*L. D. Latimer, contra.*

SAWYER, J.   The defendant is a corporation organized and existing
under the laws of New York, working a quicksilver mine in Santa Clara
county, California.   A statute of California, passed in 1872, (St. Cal.
1871–72, p. 826,) requires every corporation created by the laws of
any other state, doing business in this state, "to designate some person
residing in the county in which the principal place of business of said
corporation in this state is, upon whom process may be served, * * *
and file such designation with the secretary of state.   * * *   And
it shall be lawful to serve on such person so designated any process
issued as aforesaid," etc.   Foreign corporations complying with this
provision enjoy certain specified advantages, and those not comply-
ing are subjected to certain prescribed disabilities.   In pursuance of
the provisions of said statute of California, the defendant, on July
18, 1872, filed in the office of the secretary of state of the state of
California, a document under the seal of the corporation, and signed
by its president and secretary, whereby "James B. Randall, who re-
sides in New Almaden, Santa Clara county, in the state of California,
being the county in which the principal place of business of said
company is, as the person upon whom process issued * * * may
be served."   The subpœna in this case was served in due form upon
said James B. Randall.

It is claimed on behalf of defendant that under the act of congress
of 1875, relating to the jurisdiction of the United States courts, sec-
tion 1, it is not liable to be sued in the United States circuit court
for the district of California, or elsewhere in the national courts out
of the state of New York.   Said statute provides "that no civil suit
shall be brought before either of said courts against any person by
any original process or proceeding in any other district than that
whereof he is an inhabitant, or *in which he shall be found* at the time
of serving such process or commencing such proceeding," etc.

It is insisted that a corporation, under the decisions of the United

States supreme court, can only be regarded as an inhabitant of the state under whose laws it derives and continues its existence, and, for similar reasons, that it cannot be found in any other state, and therefore it is not liable to be sued in any other state; and so it has been heretofore frequently held in this and other circuits, where there were no other facts or circumstances to affect the question. But the supreme court has directly held that this provision of the United States statute "is not one affecting the general jurisdiction of the courts. It is one rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive;" and that filing a designation of a person upon whom service may be made in another state, in pursuance of the laws of such state, requiring a party to be designated upon whom service of process may be made, is a waiver of its privilege, and constitutes a consent to be sued in such state. In *Ex parte Schollenberger*, 96 U. S. 377, 378, the supreme court says upon this subject:

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located, by or under the authority of its charter; but it may, by its agents, transact business anywhere, unless prohibited by its charter, or excluded by local laws. Under such circumstances it seems clear that it may, for the purpose of securing business, consent to be 'found' away from home, for the purposes of a suit, as to matters growing out of its transactions. The act of congress prescribing the place where a person may be sued, is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented. Here the defendant companies have provided that they can be found in a district other than that in which they reside, if a particular mode of proceeding is adopted, and they have been so found. In our opinion, therefore, the circuit court has jurisdiction of the causes, and should proceed to hear and decide them."

Similar views are announced in *Railroad Co.* v. *Harris*, 12 Wall. 65; *St. Clair* v. *Cox*, 106 U. S. 355–357; S. C. 1 Sup. Ct. Rep. 354; *N. E. Mut. Life Ins. Co.* v. *Woodworth*, 111 U. S. 146; S. C. 4 Sup. Ct. Rep. 364. Like rulings have been made many times in the various circuit courts.

The defendant having designated a person upon whom process may be served in pursuance of the requirements of the statute of California, it has thereby consented to be sued in the district of California, and waived the exemption granted to it under the act of congress. The service was upon the person so designated by defendant, and is in all respects regular.

The motion to quash the service must be denied; and it is so ordered.