JESSE SPALDING ET AL. v. MICHAEL KELLY.

*Constitutional law—Organization of county—Ejectment—Jurisdiction.*

It is competent for the Legislature, on organizing a new county out of territory belonging to an existing county, to provide for the prosecution of a *pending* ejectment suit covering land embraced in the *new* county.

Error to Marquette.  (Grant, J.)  Argued June 23, 1887. Decided July 7, 1887.

Ejectment.  Plaintiffs bring error.  Reversed.  The facts are stated in the opinion.

*F. O. Clark,* for appellants.

*E. J. Mapes,* for defendant.

MORSE, J.  This is an action of ejectment.  The land in question in the suit is situated in the county of Iron.

At the time of the commencement of suit the premises were included in the territory then belonging to Marquette county. .The suit was consequently planted in that county, and was pending when the act organizing the county of Iron became a law.

Upon the trial in the circuit court for the county of Marquette the defendant objected to any evidence being introduced upon the part of the plaintiffs, for the reason that by

the setting off of the lands involved, and their then being located in Iron county, the circuit court for Marquette county had lost jurisdiction of the cause. The court received evidence under said objection; and it is admitted that the plaintiffs made out a *prima facie* case for recovery if the court had jurisdiction to try and determine the issue between the parties. The defendant relied upon his objection, and offered no testimony.

After due consideration of the matter, Judge Grant decided that the court had no jurisdiction, and directed the jury to find in favor of the defendant. It is here to be determined whether or not his ruling was correct.

In support of the judgment of the court below the counsel for defendant argues that the action of ejectment has always been regarded as a local one, and that under our Constitution the defendant is entitled to a jury trial of the vicinage; that the Legislature has no power to authorize a trial outside of the county in which the lands are situated.

Attached to act No. 35, Laws of 1885, organizing the county of Iron, was the following proviso or saving clause:

"All suits or proceedings now pending, or that may be pending on the first day of August next, before any court in the county of Marquette or Menominee, shall be prosecuted to final judgment and execution, and all taxes heretofore levied shall be collected in the same manner, as though this act had not passed."

The validity of *this* provision is therefore in issue.

At the time this suit was commenced it was brought in the county specified by the law and the decisions of this Court (How. Stat. § 7547 ; *Haywood v. Johnson,* 41 Mich. 598, 602, 603); and the circuit court for the county of Marquette, therefore, lawfully acquired jurisdiction of the cause. When the Legislature saw fit to take the territory in which these lands are situate out of Marquette county, I can see no reason why it could not save and continue to that court the juris-

diction it had lawfully obtained, which otherwise by the legislative action would be lost.

There is no expressed prohibition of such action in the Constitution.

The case stands like this: The circuit court is lawfully possessed, by the action of the parties, with jurisdiction to try and determine this suit under existing laws. The Legislature steps in, and by its act in dividing territory and forming a new county would, under the statutes in being at the time, preclude such court from proceeding further in the case were it not for the saving clause. Can it not say that the court shall retain jurisdiction, and that it does not intend by the formation of the new county to disturb or destroy rights of action already vested and pending in suit? It seems to me, if it has the right to destroy the jurisdiction of a court before that lawfully acquired, it has also the right to save such jurisdiction from destruction by a proviso inserted as in this case.

No application was made to transfer this suit to the county of Iron. If the court retained jurisdiction it had power to make such transfer; and by it the defendant's right to a trial by a jury of the vicinage would have been preserved.

The judgment of the court below must be reversed, with costs, and a new trial granted.

The other Justices concurred.