SMITH *v.* PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY.

1. ACTIONS—VENUE—PROCESS—SERVICE—LOCUS.
   As a general rule transitory actions must be brought in the county where service of process may be had, which is usually, although not necessarily, the county of residence of the defendant.

2. SAME—LOCUS OF ACTION—FOREIGN CORPORATIONS—TRANSITORY CAUSES—PLACE OF COMMENCEMENT.
   In the case of resident parties an action must be brought in the county where one of them resides, but where nonresidents are sued, the action lies in any county where process may be served. 3 Comp. Laws, § 10216.

3. SAME— NONRESIDENTS—FOREIGN CORPORATIONS—INSURANCE.
   Under 3 Comp. Laws, § 10015, regulating service of process on foreign insurance corporations, an action may be brought against such corporation in the county of plaintiff's residence, or in any county where service can be had upon a duly authorized agent of the defendant; the statute not being intended however to extend the jurisdiction so as to confer it upon any other court of the State.

Certiorari to Wayne; Murphy, J.   Submitted October 22, 1909.   (Docket No. 158.)   Decided December 10, 1909.

Assumpsit by Richard W. Smith against the Provident Savings Life Assurance Society, principal defendant, and garnishment against the National Bank of Commerce of Detroit as garnishee.   The defendant moved the court to quash the proceedings in the principal case.   A judgment quashing the proceedings for want of jurisdiction is reviewed by plaintiff on writ of certiorari.   Affirmed.

*Arthur Jones*, for appellant.

*Gray & Gray* (*H. E. Spalding*, of counsel), for appellees.

Montgomery, J.   The plaintiff brought an action in the circuit court for the county of Wayne against the defendant life assurance society, and later instituted garnishee proceedings against the defendant, the National Bank of Commerce.   These proceedings are not claimed to have any significance as to the question of jurisdiction which is here raised.   In the case against the principal defendant suit was instituted by service of process upon the commissioner of insurance.   The plaintiff at the time resided in the county of Manistee.   The insurance company had an agent residing in the city of Grand Rapids, Kent county.   The circuit court, on application of the defendant, dismissed the proceedings upon the ground that the court was without jurisdiction, because the plaintiff was a nonresident of the county of Wayne, and was a resident of the county of Manistee, and that the only process upon the principal defendant was the service of summons upon the commissioner of insurance of Lansing.

As a general rule, transitory actions must be brought in the county where service of process may be had, which is usually, although not necessarily, the county of residence of the defendant.   In a case where residents of the State alone are concerned, the suit must be brought in the county of the residence of one or the other.   See section 10216, 3 Comp. Laws, and *Haywood* v. *Johnson,* 41 Mich. 598 (2 N. W. 926).   Proceedings against nonresidents, however, may be brought wherever service of process may be had upon them, without regard to the residence of the plaintiff.   *Atkins* v. *Borstler,* 46 Mich. 552 (9 N. W. 850).

Plaintiff's counsel rely upon the statute providing for service upon insurance corporations.   Section 10015 *et seq.,* 3 Comp. Laws.   This statute provides that a foreign insurance company shall, as a condition precedent to doing business in the State, file a stipulation agreeing that any legal process affecting such company served on the insurance commissioner or his deputy shall have the same effect as if personally served upon the company or its au-

thorized attorney in this State.   The question presented is whether this statute is a modification of the rule of law previously existing, to the extent that it authorizes the bringing of a suit in any county in the State if service of process be had upon the commissioner.   We do not so construe the statute.   The general rule and statutes relating to service of process fix jurisdiction, and undoubtedly the action might be brought in the county of plaintiff's residence or in any county where service might be had upon a duly authorized agent of the defendant.   But this statute is designed to avoid the necessity of such service, but was not intended to change the jurisdiction, and to confer it upon any court in the State.   It should require very clear terms to indicate any such purpose, as the inconvenience in permitting a suit to be brought in a remote part of the State is manifest.

The circuit judge correctly interpreted the statute, and the judgment is affirmed.

GRANT, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.