PEOPLE, *for use of* WIPFLER, *v.* FIDELITY & DEPOSIT CO. OF MARYLAND.

1. PROCESS—FOREIGN BONDING COMPANIES—VENUE—JURISDICTION —COURTS—SERVICE OF PROCESS.

An action of assumpsit against a foreign corporation, as surety upon the bond of a receiver, may be instituted in the county of plaintiff's residence, and service obtained in another county in which an agent for service of process, appointed under 2 Comp. Laws, § 5198, resides.

2. SAME—JOINT DEFENDANTS—PROCESS.

    The validity of service of such process is not affected by the joinder in the action of another defendant upon whom no service of process is obtained.

3. SAME—STATUTES.

    Act No. 321, Pub. Acts 1907, does not change the effect of the statute requiring such appointment, since the amendment refers only to bonds of liquor dealers.

4. SAME—TITLE OF ACT—CONSTITUTIONAL LAW.

    2 Comp. Laws, § 5198, is sufficiently entitled to indicate the purpose of the statute, which is not to change the jurisdiction of the courts, but to impose conditions upon foreign surety companies doing business in Michigan.

5. SAME—SERVICE OF PROCESS.

    Such corporation may consent to the acceptance of service in a State where it is transacting business, and in which it is not a resident or citizen.

Certiorari to Jackson; Parkinson, J. Submitted July 15, 1910. (Docket No. 165.) Decided September 28, 1910.

Assumpsit by the people of the State of Michigan, for the use and benefit of Lucy Wipfler, against Charles W. Wipfler and the Fidelity & Deposit Company of Maryland on a receiver's bond. An order overruling a motion to quash the service of process upon defendant company is reviewed by it on writ of certiorari. Affirmed.

*Grove H. Wolcott,* for plaintiff.

*Brennan, Donnelly & Van De Mark,* for defendant company.

STONE, J. Lucy Wipfler, a resident of the county of Jackson, brought suit in assumpsit in the circuit court for that county against Charles W. Wipfler and the Fidelity & Deposit Company of Maryland, a foreign corporation, which is engaged in doing a bonding and surety business in this State. The return of the circuit judge shows that the suit was begun by the filing of a declaration, with rule

to plead, on March 31, 1910. No service was had upon defendant Charles W. Wipfler. Upon the same day that declaration was filed, a copy thereof, with notice of the rule to plead indorsed thereon, was served upon Charles Whitaker, attorney in this State for the Fidelity & Deposit Company of Maryland, for service of process. This service took place in Wayne county. On April 14, 1910, the defendant the Fidelity & Deposit Company of Maryland filed a special appearance for the purpose of making a motion to quash and hold for naught the service of the declaration upon it upon the grounds:

(1) That the agent upon whom the service was made was a resident of Wayne county, and the service of the declaration was made in Wayne county.

(2) That the defendant Wipfler was not a resident of Jackson county.

The motion was denied, and the case is here upon a writ of certiorari obtained by the Fidelity & Deposit Company of Maryland to review the action of the circuit court in overruling its motion to quash the service of said declaration.

The question is squarely presented whether the service of a copy of the declaration upon the attorney for the Fidelity & Deposit Company of Maryland, in Wayne county, is valid service, no service having been obtained upon the other joint defendant in Jackson county, nor, in fact, anywhere. The plaintiff seems to rely upon the last clause of section 5198, 2 Comp. Laws, and the appointment of attorney filed with the commissioner of insurance by the Fidelity & Deposit Company of Maryland. The clause of the statute referred to reads as follows:

"And if such company be organized under the laws of any other State than this State, it * * * must appoint an attorney in this State on whom process of law can be served, and file in the office of the insurance commissioner a written statement duly signed and sealed, certifying such appointment, and which shall continue until another attorney is substituted."

It will be noted that this language is very broad and general. The company must appoint an attorney in this State on whom all process of law can be served, because there is no limitation. The written appointment filed by said defendant pursuant to the statute is as follows:

"Know All Men by These Presents: That the Fidelity & Deposit Company of Maryland, Surety Company of the City of Baltimore, in the State of Maryland, having been admitted, or having applied for admission to transact the business of surety insurance in the State of Michigan, in conformity with the laws thereof, does hereby make, constitute and appoint Charles Whitaker, Esq., of the city of Detroit, county of Wayne, its true and lawful attorney, in and for the State of Michigan, on whom all process of law, whether mesne or final against said insurance company, may be served in any action or special proceeding against said company in the State of Michigan, subject to and in accordance with all the provisions of the statutes and laws of said State of Michigan now in force; and such other acts as may be hereafter passed amendatory thereof and supplementary thereto. And the said attorney is hereby duly authorized and empowered, as the agent of said company, to receive and accept service of process in all cases as provided for by the laws of the State of Michigan, and such service shall be deemed valid personal service upon said company. This appointment is to continue in force for the period of time and in the manner provided by the statutes of the State of Michigan, and until another attorney shall be duly and regularly substituted.

"The said company further stipulates and agrees that any legal process affecting such company, served on the commissioner of insurance of the State of Michigan, or his deputy, shall have the same effect as if personally served on the company or its authorized attorney in said State of Michigan. The said company stipulates that when process against or affecting it, is served on the commissioner of insurance, or his deputy, a copy of such process shall be mailed to the Home Office, Baltimore, Maryland."

This instrument bears date February 16, 1903.

Our attention has been called to Act No. 321, Pub. Acts 1907, amending section 5196, 2 Comp. Laws, and

the question has been suggested whether this act in any way affects the provision of section 5198, above quoted. In our opinion it does not. We agree with defendants' attorneys when they say in their brief:

"Under the original act liquor bonds could not be executed by surety companies. The main intention of the amendatory act was to provide for the execution of these bonds, and to permit the same to be executed by corporations organized under the laws of our State. This object was accomplished by adding a number of provisos to section one of the original act. As this section now stands, it contains six provisos. The first proviso forbids the acceptance of a surety company as surety for the appearance of any person charged with crime. The second, third, fourth, and fifth provisos all deal with the subject of liquor bonds. Immediately following comes proviso sixth," which is as follows:

"*Provided, further,* That suits may be commenced in the circuit court in any county where the plaintiff resides, by declaration or writ, and service shall be made in such cases *only* upon the commissioner of insurance in like manner and with like effect as is provided for the service of process upon societies, orders or associations organized under the laws of any other State, Province or Territory, and doing business in this State, and not having its principal office within this State, and for the purpose of service of process as herein provided such surety company shall appoint in writing the commissioner of insurance, or his successor in office, to be its true and lawful attorney."

It is reasonable to suppose that this refers to cases upon that class of bonds referred to in the preceding provisos. It seems to refer to service of process upon a domestic corporation, for it provides that such service shall be with "like effect as is provided for the service of process upon societies, orders, or associations organized under the laws of any other State, Province or Territory, and doing business in this State," etc. The entire purpose of the amendatory act seems to have been to provide for the execution of liquor bonds by domestic corporations, and proceedings in case of suit thereon. In our opinion the provision in

section 3, being section 5198, 2 Comp. Laws, above quoted, stands unrepealed and unaffected by the amendment of 1907. It relates to foreign companies doing business in this State. It is said that the precise question here presented has not been before this court. Counsel for both parties have called our attention to *Smith* v. *Assurance Society*, 159 Mich. 167 (123 N. W. 588). There the plaintiff, a resident of Manistee county, brought an action in the Wayne circuit court against a foreign insurance company, and the suit was dismissed upon the ground that the court did not have jurisdiction. In an opinion affirming the action of the circuit court, Justice MONT-GOMERY, after referring to section 10015 *et seq.*, 3 Comp. Laws, relating to foreign insurance companies, said:

"The question presented is whether this statute is a modification of the rule of law previously existing, to the extent that it authorizes the bringing of a suit in any county in the State if service of process be had upon the commissioner. We do not so construe the statute. The general rule and statutes relating to service of process fix jurisdiction, and undoubtedly the action might be brought in the county of the plaintiff's residence, or in any county where service might be had upon a duly authorized agent of the defendant. But this statute is designed to avoid the necessity of such service, but was not intended to change the jurisdiction, and to confer it upon any court in the State."

Had the suit been brought in Manistee county circuit court, we think a different conclusion would have been reached.

It is urged by counsel for the defendants that there is nothing in the title of the act relating to surety companies to indicate that it was the intention of the legislature to change the general rule which fixes the jurisdiction of our various circuit courts to try causes, nor to institute and authorize a new manner of service which would enlarge the jurisdiction of such courts, and give them power to entertain causes which previously could not have been brought before them. We think that it may be said that

the act by its title and provisions states the terms and conditions upon which surety companies will be accepted, and the conditions and qualifications upon which they will be permitted to do business in the State, and among them is the appointment of an attorney to accept service of process. It is not an act affecting the general jurisdiction of the courts. It is rather a provision that the companies coming into the State and doing business there may consent to service of process in the mode prescribed, and, when they designate persons upon whom process may be served, they thereby consent to the mode, and waive the general provisions relating to service. In *Ex parte Schollenberger*, 96 U. S. 369, it was said:

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located, by or under the authority of its charter; but it may, by its agents, transact business anywhere, unless prohibited by its charter, or excluded by local laws. Under such circumstances it seems clear that it may, for the purpose of securing business, consent to be 'found' away from home, for the purposes of a suit, as to matters growing out of its transactions. The act of congress prescribing the place where a person may be sued, is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented. Here the defendant companies have provided that they can be found in a district other than that in which they reside, if a particular mode of proceeding is adopted, and they have been so found. In our opinion, therefore, the circuit court has jurisdiction of the causes, and should proceed to hear and decide them."

See, also, *Gray* v. *Quicksilver Mining Co.*, 21 Fed. 288, and cases cited; *Cofrode* v. *Wayne Circuit Judge*, 79 Mich. 332 (44 N. W. 623, 7 L. R. A. 511). The suit was brought where it could be tried — in the county of the plaintiff's residence. Section 10216, 3 Comp. Laws; *Haywood* v. *Johnson*, 41 Mich. 604 (2 N. W. 926). To

hold with the contention of the defendant is to decide that all suits against this defendant must be brought either in the county of Wayne or Ingham. We think that the understanding of the profession has been that such a suit as this is, and suits generally against foreign insurance companies, may be brought in the county where the plaintiff resides, and that service may be had either upon the commissioner of insurance or the attorney appointed, at the option of the plaintiff. We do not think that section 10010, 3 Comp. Laws, has any application here. Under the provisions of section 10371, 3 Comp. Laws, where one joint defendant has not been served with process, judgment may be rendered in form against both, and the three following sections provide for execution and proceedings thereon. We think that the defendant corporation has voluntarily submitted itself to the jurisdiction of the courts of this State under the act of the legislature cited, by its compliance with the terms thereof, and that the plaintiff had a right to begin suit in the county of her residence, and serve process either upon Mr. Whitaker or the commissioner of insurance or his deputy.

We think that the circuit judge reached the correct conclusion, and his order overruling the motion is affirmed.

Bird, C. J., and Ostrander, Hooker, and Moore, JJ., concurred.