DRUEKE-LYNCH CO. *v.* MICHIGAN BONDING & SURETY CO.

CORPORATIONS — SERVICE OF PROCESS — DOMESTIC CORPORATIONS — GARNISHMENT—STATUTES.

> In garnishment proceedings against a Michigan bonding and surety company, the insurance commissioner having been duly appointed by said company to receive service of process (section 9219, 2 Comp. Laws 1915), service upon the secretary of the company instead of upon the insurance commissioner was void. Sections 12432, 12436, 3 Comp. Laws 1915.

Certiorari to Washtenaw; Sample, J. Submitted October 11, 1918. (Docket No. 45.) Decided December 27, 1918.

Garnishment proceedings by the Drueke-Lynch Company against William Corson, principal, and the Michigan Bonding & Surety Company, garnishee defendant. From an order setting aside the proceedings for want of service, plaintiff brings certiorari. Affirmed.

*A. F. Freeman,* for appellant.

*A. J. Sawyer,* for appellees.

STONE, J. On February 1, 1918, plaintiff, appellant, obtained a judgment against the principal defendant herein, for $246.31 damages, and including costs, in the circuit court for the county of Washtenaw. On April 16, 1918, a writ of garnishment was duly issued from said court against the Michigan Bonding & Surety Company as garnishee, to reach moneys or funds supposed to be in its hands belonging to the principal defendant, to satisfy the said judgment. On April 17, 1918, the writ of garnish-

ment was served upon William J. Nagel, the secretary of the said bonding company, at the city of Detroit. The writ was returnable May 2, 1918. No disclosure was made by the garnishee. On May 15, 1918, plaintiff, appellant, entered the garnishee's default and took judgment against it for the amount of its judgment against the principal defendant, with interest; and execution was issued thereon and sent to the sheriff of Wayne county. On May 21, 1918, the garnishee defendant filed its motion in the court below to set aside the service of the writ of garnishment, and cancel the judgment, and recall the execution issued, because the service of the writ of garnishment had not been made upon the commissioner of insurance of this State. That motion was supported by affidavit of the attorney for the garnishee defendant, in which, among other things, it was stated that the commissioner of insurance of this State had been and was appointed to receive service of process upon the said Michigan Bonding & Surety Company. On May 27, 1918, the said motion was argued and submitted, and on June 15, 1918, a formal order was entered by the court below setting aside said service and the judgment against the garnishee defendant, and recalling said execution; the court holding that the service of the garnishee process should have been made upon the commissioner of insurance of this State.

The plaintiff, appellant, has brought the case here upon certiorari; and the sole meritorious question presented is whether the service of the writ of garnishment upon the secretary of the said bonding company was a proper and legal service, or whether service should have been made upon the commissioner of insurance.

It is the contention of the plaintiff, appellant, that under the provisions of section 29 of chapter 13 of the judicature act (3 Comp. Laws 1915, § 12432), the

service upon the secretary of the garnishee defendant was legal. That section reads as follows:

"Process issued from any court of record against a corporation, partnership association or unincorporated voluntary association, may be served upon any officer, director, trustee or agent thereof, or by leaving same during regular office hours at the office of such corporation, partnership association or unincorporated voluntary association, with any person in charge thereof. *Except as otherwise provided in this act,* all general or special laws relating to the service of process upon corporations are hereby repealed."

It will be noted that the section just quoted provides that:

"*Except as otherwise provided in this act,* all general or special laws relating to the service of process upon corporations are hereby repealed."

This section should be read in connection with section 33 of the same chapter (3 Comp. Laws 1915, § 12436), which reads as follows:

"In all cases of domestic or foreign insurance companies, fraternal, co-operative and mutual beneficiary societies, orders or associations, *and in all other cases where* it is required by law that any company, society, order or association, shall appoint in writing the commissioner of insurance, the secretary of State, or any other officer of this State, as their agent or attorney, upon whom all legal process in any action or proceeding may be served, if such appointment shall have been made, service of process shall be made upon such officer."

Reference should here be made to the provisions of Act No. 321, Pub. Acts 1907 (2 Comp. Laws 1915, § 9219), being an amendatory act relating to bonding companies. The last proviso of section 1 of that act reads as follows:

"*Provided further,* That suits may be commenced in the circuit court in any county where the plaintiff resides, by declaration or writ, and service shall be made

in such cases *only* upon the commissioner of insurance in like manner, and with like effect as is provided for the service of process upon societies, orders or associations organized under the laws of any other State, Province or Territory, and doing business in this State, and not having its principal office within this State, and for the purpose of service of process as herein provided such surety company shall appoint in writing the commissioner of insurance, or his successor in office, to be its true and lawful attorney."

This last provision of the statute has been construed by this court in the cases of *People* v. *Fidelity & Deposit Co.*, 163 Mich. 94, and *Taylor* v. *Davarn*, 191 Mich. 243.

It is the contention of the plaintiff, appellant, that said Act No. 321 only has reference to suits commenced against the bonding company as a principal defendant, and has no application or reference to the service of garnishee process.

It will aid us somewhat if we examine the provisions of the judicature act relating to the service of garnishee process upon corporations. Manifestly, the Michigan Bonding & Surety Company is a Michigan corporation. Section 46 of chapter 28 of the judicature act (3 Comp. Laws 1915, § 13167), relating to garnishee proceedings, contains the following language:

"All corporations of whatsoever nature may be served and proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this chapter, *and the rules of law relating to proceedings against corporations.*" * * *

We think it is contemplated by this statute that the process, or writ in garnishment proceedings, shall be served upon the corporation, here the bonding company, in the manner provided by law for the service of process generally upon such company. This being so, it is very clear to us that the service of the gar-

nishee process in this case should have been made upon the commissioner of insurance; it appearing uncontradicted in this record, that such commissioner had been duly appointed by the said bonding company to receive service of process against the Michigan Bonding & Surety Company.

We find no error in the record. The judgment of the court below is therefore affirmed, with costs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.