## KILMORE *against* SUDAM.

IN error, on *certiorari*, from a justice's court.
*Sudam* sued *Kilmore* in the court below, in an action on the case, for 8 dollars, on account, as a physician. The return of the process; and if the first adjournment is made by consent of parties, the justice cannot adjourn the cause a second time, on his own motion; but the plaintiff having consented to a second adjournment, and the defendant making no objection, the adjournment was held to have been made by consent of both parties.

The right of a justice to adjourn a cause on his own motion, must be claimed and exercised at

defendant pleaded the general issue. The parties, by agreement, adjourned the cause until the 6th of *November*, at which time *Sudam* appeared in person, and *A. L. Jordan* appeared, under a power of attorney, for *Kilmore*. The justice stated that it being made satisfactorily to appear to him that *Kilmore* was out of the county, he permitted the attorney to appear; but as he entertained doubts as to the *bona fide* absence of *Kilmore*, he did, with the consent of the plaintiff, adjourn the cause to the 10th of *November*. No objection was made by the defendant's attorney. At that day the attorney again offered to appear, but neither *Kilmore's* absence nor the attorney's power being proved, the justice refused to admit him, and proceeded to hear the plaintiff's evidence, and gave judgment for the plaintiff.

*Parker*, for the plaintiff in error.

*E. Williams*, contra.

*Per Curiam.* The right of the justice to adjourn a cause on his own motion, must be claimed and exercised, if at all, *at the return of the process ;* and if the first adjournment is by consent of parties, no subsequent adjournment can be made on the motion of the justice. This is obviously the fair interpretation of the statute ; and so it seems to have been understood by the court in the case of *Gamage* v. *Law*. (2 *Johns. Rep.* 192.) But it is no more than a reasonable intendment in favour of the proceedings, that the second adjournment was by the *consent* of the defendant's attorney. The justice states expressly, that it was with the consent of the plaintiff, and the defendant's attorney being present and making no objection, his consent is to be inferred from his silence. Had the justice claimed the right to adjourn on his own motion, he probably would have said nothing on the subject of consent. In *M'Neil* v. *Scofield*, (3 *Johns.*

*Rep.* 437.) the court said, where the party makes no objection to the pleadings at the time, but consents to go to trial, he shall not avail himself of any defects in the form of pleading.

Judgment affirmed.