### John B. Stadler v. Caroline A. Moors.

On the adjourned day of a cause before a justice, the absence of the justice for a few minutes more than an hour after the time to which the cause had been adjourned, for the purpose of holding a coroner's inquest, will not operate as a discontinuance of the cause.

The adjournment of a cause by a justice, on his own motion, in the absence and without the consent of the defendant, at any other time than on the return day of the writ, is a discontinuance of the cause.

*Heard October 17th and 18th. Decided October 30th.*

Error to Wayne Circuit.

Moors brought replevin before a justice of the peace, against Stadler, for a quantity of brick. The justice rendered judgment in her favor, and Stadler removed the case by certiorari to the Circuit Court, where the judgment of the justice was affirmed. Stadler then brought error.

STADLER *v.* MOORS.

The justice in his return to the certiorari states "that upon the return day of said writ of replevin, the said parties appeared before me, and the plaintiff declared against the said defendant in replevin for the unlawful detention of 5538 bricks, and claimed damages against the said defendant, one hundred dollars. To which declaration said defendant pleaded the general issue, and asked for an adjournment; whereupon said cause was adjourned until the 15th day of December, 1859, at 2 o'clock P. M., at which time the said parties again appeared by their attorneys, and on application of said defendant, said cause was adjourned to the 20th day of January, 1860, at two o'clock P. M.; and that on the 20th day of January aforesaid, said cause was further adjourned to the 26th of January, 1860, at 2 o'clock P. M., at which time the said plaintiff appeared by her attorney (neither said defendant nor his attorney being present), and proceeded to the trial of said cause; and after hearing the evidence, I found the said defendant did unlawfully detain said goods and chattels, and assessed the damages sustained by the plaintiff by said unlawful detention at two dollars seventy-six cents, and judgment was thereupon rendered against the defendant for said amount, with five dollars costs of suit. And as regards the two last adjournments of said cause, I further return, that on the said 15th day of December, when said defendant asked for a second adjournment, the said plaintiff was present (by her agent) with her witness from a distance, and ready for the trial of said cause, but the said defendant's attorney, Jeremiah Van Rensselaer, being sick and unable to attend at the trial of said cause, and asking the court as a special favor for a short adjournment on that account, the same was granted, and said cause was adjourned to the 20th day of January aforesaid, at 2 o'clock P. M., and that on that day about the hour of two o'clock P. M., or a few moments afterward, the plaintiff's agent and her witness being present (the defendant or his attorney not

having yet come into court), I was unexpectedly called to hold an inquest upon a dead body, not far from my office, and on leaving I informed the plaintiff's agent that should the defendant or his attorney, Mr. Van Rensselaer, appear during my absence, to inform him of its cause, and that I should return at three o'clock, if possible, but at any rate within a few moments of that time. I returned to my office from five to ten minutes after three o'clock P. M., and found the plaintiff's agent with his witnesses still there, who informed me that Mr. Van Rensselaer, the defendant's attorney, had been there and remained until three o'clock, and had left the office, and that the message I had left had been given to him. I immediately sent and informed him that I had returned and was ready to proceed with the trial of said cause, but received answer that he should not again appear; whereupon at my suggestion, and by consent of the plaintiff, I again adjourned the cause to the 26th day of January, at three o'clock P. M., and informed the defendant by written notice signed by me and duly served upon him by Geo. L. Scenlin, constable, that the said cause had been adjourned as above stated, at which time it would be tried unless further adjourned on application of defendant. No notice was taken whatever of the adjournment aforesaid, and the plaintiff proceeded to the trial, and judgment was rendered as aforesaid."

The errors assigned were:

*First.* The continued absence of the justice from his office for more than one hour after the adjourned hour, to wit, on the 20th day of January, A. D. 1861, at two o'clock P. M. of said day, operated as a discontinuance of the suit, and his jurisdiction over the case ceased.

*Second.* The adjournment of the cause by the justice on the 20th day of January, 1860, to the 26th day of January, 1860, at three o'clock P. M., was without legal cause, and therefore operated as a discontinuance of said cause.

STADLER v. MOORS.

*Third.* That the judgment rendered by said justice, on the 26th day of January, 1860, was irregular and without authority, and therefore void.

*Knight & Jennison,* for plaintiff in error, cited, in support of the first assignment of error, 4 *Denio,* 160 ; 5 *Johns.* 353 ; 17 *Me.* 413, and in support of the second, 2 *Johns.* 192 ; 8 *Johns.* 390 ; 7 *Johns.* 529 ; 7 *Wend.* 201 ; 10 *Wend.* 497 ; 5 *Hill,* 428.

*E. C. Walker* and *C. A. Kent,* for defendant in error :
(1) The justice, in holding an inquest, being engaged in official business, the delay did not work a discontinuance : 10 *Wend.* 102 ; 12 *Johns.* 217. (2) The last adjournment should be regarded as one by consent of parties. The party who might have been injued by the adjournment consented to it, and this seems equivalent to the consent of both parties. But if regarded as an adjournment on plaintiff's motion, it is submitted that plaintiff, by the statute, was not required to show cause; no adjournment having before been had on his motion.

CHRISTIANCY J.:

As to the first error assigned, we do not think the absence of the justice for a few minutes more than the hour after the time to which the cause had been adjourned, for the cause stated in the return, could be allowed to operate as a discontinuance, though the defendant might have remained at the office till the expiration of the hour, and then left. But in such case, if the defendant had gone away ignorant of the cause of the justice's absence, the justice should have notified him of his return at the earliest opportunity, and should have required proof that he had received the notice before taking any other step in the cause : and if the defendant had, in good faith, dismissed his witnesses, he would on showing cause be entitled to the necessary time to procure their attendance.

The justice was absent in the discharge of an official duty which was quite as imperative as the trial of the suit. Both duties could not be performed at the same instant. The view we have taken is the only one which would enable him to perform both. See *Hunt v. Wickwire*, 10 *Wend.* 102.

But whether the return of the justice contains any proper evidence that defendant was notified of the cause of the justice's absence, or of the fact of his return to the office, may well be doubted; but we do not propose to rest the case upon this ground, because the objection covered by the second assignment of error is, we think, fatal to the justice's jurisdiction.

The adjournment from the twentieth to the twenty-sixth day of January, was granted in the absence and without the consent of the defendant, and without the showing of any cause whatever. It was an adjournment unauthorized by the statute, and without necessity. It is claimed to have been beneficial to the defendant. But if the defendant had been properly notified that the justice had returned, and was ready to proceed, he had a right to decline any defense, and allow the plaintiff to proceed *ex parte*, without being subjected to the costs of another adjournment, and the re-attendance of the plaintiff's witnesses. It can not therefore be said to be for the defendant's benefit. Though the justice might have held the cause open for a reasonable time, and continued the cause from day to day in the progress of the trial, as the necessities of the case might require, he had no right, without any such necessity, and without entering upon the trial, to adjourn it over for several days, as in this case, unless at the instance of a party, and upon cause shown as required by the statute.

The right expressly given to the justice (by § 90) to adjourn of his own motion on the return day, cuts off all implication of an intent to give him the like power in any other stage of the case.

But it is urged by defendant in error, that by § 86 (*Comp. L.* § 3738) before the amendment of 1861, a party applying for an adjournment was not bound to show any cause, unless a former adjournment had been had on his own motion. But this provision applies only to the *showing of diligence,* and leaves in full force the previous portion of the section requiring cause to be shown.

In the State of New York, from whose statutes these provisions in reference to adjournments, and most of the other provisions of our justices' act, have been almost literally copied, it has been long and well settled, that an adjournment, unless by consent, without some cause recognized by the statute, or without showing cause when the statute has given it only on cause shown, or without showing diligence when that is required, or upon the justice's own motion except on the return day, operates as a discontinuance of the suit:— *Gamage v. Law,* 2 *Johns.* 192; *Proudfit v. Henman,* 8 *Johns.* 391; *Kilmore v. Sudam,* 7 *Johns.* 529; and see *Kimball v. Mack,* 10 *Wend.* 497; *Horton v. Auchmoody,* 7 *Wend.* 201, and 2 *Cow. Treat.* 856.

In adopting these provisions from the statutes of New York, it is fair to presume that the Legislature were aware of the judicial construction they had received, and that the legislative intent was in accordance with these decisions.

The judgment of the Circuit Court must be reversed, with costs.

The other Justices concurred.