JAMES ATKINS v. WILLIAM BORSTLER ET AL.

*Venue of transitory action against non-resident.*

Transitory actions upon contracts can be brought against non-residents of the State in any county where service can be obtained upon them.

The Constitution gives jurisdiction to the circuit courts over transitory actions upon contracts, against non-residents of the State; and this jurisdiction cannot be taken away by any legislation limiting the forum of the action to the county in which the plaintiff resides.

The statute (Comp. Laws § 5970) in requiring transitory actions to be tried in the county where one of the parties shall reside at the time of bringing suit, is meant to save resident defendants from vexatious suits in places remote from their homes, and not to protect non-residents of the State from being sued at all if they cannot be found in the plaintiff's county.

Error to Kent. Submitted June 30. Decided Oct. 5.

Assumpsit. Plaintiff brings error. Reversed.

*Hughes, O'Brien & Smiley* for plaintiff in error. In New York there is a provision like that of Comp. L. § 5970 *(Smith v. Bull* 17 Wend. 323) under which jurisdiction was given though both parties were non-residents: *Gardner v. Thomas* 14 Johns. 134; *Johnson v. Dalton* 1 Cow. 543.

*Champlin & More* for defendants in error. In Michigan all suits with certain exceptions must be brought where one or the other of the parties reside: *Det. F. & M. Ins. Co. v. Saginaw Circuit Judge* 23 Mich. 492.

CAMPBELL, J. Plaintiff who resides in Mecosta county, sued defendants, who reside in another State, on contract, the suit being brought in Kent county and service made there. Defendants pleaded in abatement showing their non-residence and that of plaintiff, and claiming that under our statutes they could only be sued in Mecosta. On demurrer this plea was sustained, and plaintiff brings error.

It was held in *Haywood v. Johnson* 41 Mich. 598, that a resident of the State could not be sued in a transitory action in a county where neither party resided. It was held in *Turrill v. Walker* 4 Mich. 177, that the circuit courts could get no jurisdiction unless one defendant is served in the county. It results from these decisions that a suit in Mecosta would have been fruitless unless a defendant should be found there, and that unless a suit can be brought where a non-resident defendant is found, he cannot be sued at all, in many cases, and could not have been in this case.

Reliance is had by defendants on section 5970 of the Compiled Laws of 1871, which requires transitory actions to be

tried in the county "where one of the parties shall reside at the time of commencing such action." This was held in *Haywood v. Johnson*, to require suits to be commenced in such county. And if the section applies to non-residents of the State, the decision below was correct. But if correct it follows that there are many transitory actions on contract, as well as in tort, where such persons can always evade the justice of this State by keeping away from counties where their creditors reside. The Constitution gives jurisdiction without any exception, in such cases, to the circuit courts. It would not be competent for the Legislature to take it away. And if the statute in question would have any such effect according to its ordinary meaning we are compelled to choose between holding it to that extent void, or construing it according to what was no doubt its real intent, as not applicable here.

We have no doubt the section in question was intended to be a beneficial section in the direction of saving defendants from vexatious suits in places remote from their homes. It accordingly saved them the privilege of being sued at home, or in the home county of the plaintiff, who was regarded as entitled also to some consideration. It is evident that in so legislating the law-makers had no idea of granting a privilege to non-residents against being sued at all. The natural inference is that those who were entitled to be sued in the forum of their residence, are persons whose residence contains one of the courts of the State; so that suits may be brought under our laws. (The language of the statute only applies to trials of actions brought under our laws; and if any case arises under our laws it would be absurd to hold that the Legislature meant to say it should not be tried at all. Those who claim the privilege must point out a Michigan forum where they can be found for service of process. The statute applies to no others.)

This has been the uniform practical construction, and this is the first case brought to our notice, in which any non-resident defendant has claimed exemption from process. This practical construction of nearly forty years cannot be

disregarded. We think that the case is not within the statute, and that service on the defendants in any county of this State is valid when suit was commenced in that county.

Judgment must be reversed with costs of both courts and the demurrer sustained, with leave to defendants to answer over and plead issuably in twenty days.

The other Justices concurred.