## ROBERT W. HALL v. ALONZO M. SHANK.

*Justice's courts—Locality affecting jurisdiction.*

1. A justice loses jurisdiction of the subject matter by adjourning the suit on his own motion where all the parties live outside the county and there are joint defendants, only part of whom have been personally served, and none of whom have appeared. How. Stat. § 6903.

2. A justice has no jurisdiction of the person where neither of the par-
ties, though resident in the State, lives in his county; but if anyone
of the parties on either side lives there, suit will lie in any township
of the county where he resides and happens to be. How. Stat. § 6819.

Error to Osceola. (Judkins, J.) May 5.—May 13.

REPLEVIN. Defendant brings error. Affirmed.

*Peter Doran* for appellant.

*C. M. Beardsley* for appellee. An adjournment by a jus-
tice of the peace without authority of the statute acts as a
discontinuance of the suit and ousts the jurisdiction of the
justice: *Grace v. Mitchell* 31 Wis. 535; *Stadler v. Moors*
9 Mich. 269; *Brady v. Taber* 29 Mich. 199.

SHERWOOD, J. The defendant was sheriff of the county
of Osceola in 1884. The plaintiff brings replevin for prop-
erty taken by the sheriff upon an execution issued in the
circuit court of Kent county upon the transcript of a judg-
ment rendered by a justice of the peace in the city of Grand
Rapids, in favor of George L. Sampson and Frank D. Black,
against the plaintiff, Ambrose C. Kies, and John Hall, de-
fendants, for the sum of $173.88. The plaintiff claims that
the justice had no jurisdiction in the case, and that the judg-
ment, from which the transcript was taken, was void, and
that no lawful execution could be issued thereon. The main
facts in the case are uncontroverted, and from them it ap-
pears that when the suit was commenced before the magis-
trate, none of the parties were residents of the county of
Kent, and personal service of the summons was had upon
the plaintiff alone; that on the return-day of the summons
(the 31st day of March, 1883) none of the defendants ap-
peared, and the justice adjourned the cause upon his own
motion until the 5th day of April, at nine o'clock A. M. fol-
lowing, at which time, the defendants not appearing, the
plaintiff proceeded in the case and took the judgment, upon
which, and the transcript therefrom, the execution under
which the sheriff seeks to justify, was issued.

Upon the foregoing facts, the circuit judge held that the

justice obtained no jurisdiction of the person or property of the plaintiff, and that the judgment rendered was therefore void, and directed a verdict for the plaintiff. We think this direction by the circuit judge was right. Certainly, the justice had no power to adjourn the case under the facts stated upon his own motion, and when he did so he lost jurisdiction of the subject matter. How. Stat. § 6903; *Stadler v. Moors* 9 Mich. 264; *Harrison v. Sager* 27 Mich. 476; *Brady v. Taber* 29 Mich. 199.

It is not competent under How. Stat. § 6819 for a plaintiff to sue a defendant in a justice's court, where they are both residents of this State, in a county where neither of them reside; but where either is a non-resident of the county, suit may be brought before any justice, in any township of the county, where the other resides, and may at the time happen to be, and the court has jurisdiction only in those cases in which the plaintiffs, or some one of them, or the defendants, or some one of them, are resident in the county where the suit was brought.

The judgment of Judge Montgomery upon the facts appearing in the record was correct, and must be affirmed.

The other Justices concurred.