HENRY A. NEWLAND ET AL. v. CORNELIUS J. REILLY,. CIRCUIT JUDGE OF WAYNE COUNTY.

*Garnishment—Non-residents—Jurisdiction.*

1. How. Stat. § 8087, authorizing the commencement of suit against a *non-resident defendant* where garnishment proceedings have been instituted in aid of the principal suit, by delivering to him copies of the original process and of the affidavit for and writ of garnishment, with proof of its service, accompanied by a notice to appear and defend, covers a case where the *plaintiff is also a non-resident.*

2. In such a case the statute points out the mode of procedure to acquire jurisdiction over the principal defendant, not for the purpose of rendering a *personal* judgment against him, but to subject the choses in action in the hands of the third party to the payment of the plaintiff's demand; and to *this extent* it confers jurisdiction upon the court to proceed.[1]

*Mandamus.* Submitted January 20, 1891. Denied April 17, 1891.

[1] See *Wilson v. Circuit Judge,* 82 Mich. 169, holding that the statute does not cover a case where there are several defendants, some of whom are residents of this State, and personally served with process therein.

Relators applied for *mandamus* to compel respondent to dismiss a writ of garnishment. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for relators.

*C. K. Latham,* for respondent.

LONG, J. On December 16, 1890, Lewis Wight, J. Franklin Wight, and Almon Wight, copartners as Wight Bros., all residents of Boston, Mass., commenced an action in *assumpsit* in the Wayne circuit court, this State, against Bernard Altman and Samuel Altman, both residents of the state of New York, as principal defendants. The suit was commenced by summons returnable January 5 following. There was no personal service of the summons on the principal defendants in this State.

On the day this summons was issued an affidavit of garnishment was filed in this case, and writ of garnishment issued directed to the relators, all of whom reside in Detroit, Wayne county, this State. On January 5 a motion was made and argued before the circuit judge to dismiss the writ of garnishment on the ground that the plaintiffs and defendants in the principal suit were all non-residents of the State of Michigan. This motion was denied. This is a proceeding for a *mandamus* to compel the circuit judge to set aside the order and to dismiss the writ of garnishment.

How. Stat. § 8087, under which this proceeding is sought to be enforced, provides as follows:

"If the plaintiff, in addition to the allegations hereinbefore required to be contained in the affidavit for the writ of garnishment, shall set forth in such affidavit that the principal defendant is a non-resident, or a foreign corporation, created in any jurisdiction (naming it), the principal writ (or declaration) and affidavit may be filed of the day of issue, and the writ of garnishment may be

served as in ordinary cases; and within sixty days after such service the plaintiff shall cause to be delivered to such non-resident defendant, or to the president, secretary, cashier, or treasurer of such foreign corporation, residing out of this State, or upon any officer, clerk, or agent residing or to be found within this State, a true copy of the principal writ (or declaration), affidavit, and writ of garnishment, with return of service thereon, and with a written or printed notice attached, signed by the plaintiff or his attorney, and stating that said non-resident defendant or foreign corporation is notified to appear and defend within thirty days after such service or default will be entered, and judgment taken; and upon filing an affidavit of such service further proceedings to judgment may be had as in ordinary personal actions."

It was held in *Moore v. Wayne Circuit Judge,* 55 Mich. 84, that the courts of this State had jurisdiction under this provision of the statute against the property of non-resident defendants by process of garnishment. It was there said:

"It is a well-recognized principle that every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory, and it may make laws to subject property situated within its limits, owned by non-residents, to the payment of claims due to its own citizens from them. Such legislation is based upon the necessity of the case, and the injustice which would result from permitting non-resident debtors to withdraw their property or assets from the jurisdiction of the state, and is a legitimate exercise of its authority to hold and appropriate the property of such debtors to satisfy the claims of its own citizens."

In that case, however, the plaintiff, as well as the garnishee defendant, were both residents of the State of Michigan. No case has before been presented to this Court arising under this statute where the garnishee alone is a resident of this State and the parties to the original suit both residents of other states.

How. Stat. § 7547, subd. 2, provides that all suits on contract shall be tried in the county where one of the parties resides. This statute has reference to the commencement of actions in the several courts of this State. In *Cofrode v. Wayne Circuit Judge*, 79 Mich. 332, this Court compelled by *mandamus* the Wayne circuit court to reinstate that cause on the calendar and to proceed to the trial thereof. It appeared in that case that the parties to that proceeding were all non-residents of this State, but that they had consented to the jurisdiction of the court.

The question presented here is whether the plaintiffs, who are not non-residents of the State, may bring their action against a non-resident defendant and proceed to judgment in the courts of this State for the purpose of subjecting credits in the hands of a third person to the payment of such debt, though no personal service is or can be made upon the principal defendant within the State. The contract between the plaintiff and defendant is not one to be performed within this State. The whole purpose of this proceedings is to bring the defendant within this State, and to adjudicate between himself and his creditor, a resident of the state of Massachusetts, and to subject credits in the hands of third parties to the payment of such indebtedness.

Garnishment is a special auxiliary remedy for the more effectual recovery of debts. Its object is to enable a creditor to subject the property, effects, and credits of his debtor in the hands of third persons to the payment of his claim by means of a delivery or payment by compulsion of law. It is not instituted for the purpose of the recovery of property, nor the enforcement of a lien thereon. Its primary object is to reach the *res* in the hands of third persons, against whom there is no founda-

tion for a personal claim when the summons issues. The statute provides a mode of service upon the principal defendant, who is a non-resident, by which the courts of this State may acquire jurisdiction. The court must have jurisdiction of the parties to the principal suit, so that, as between them, a valid judgment could be rendered, as the rights between these parties must be adjudicated, at least to the extent of the claim made against the garnishee, before the court could enter judgment against the garnishee. There is no valid reason why the courts of this State may not acquire jurisdiction over persons and choses in action, as well where both parties to the original action are non-residents of the State, as where the plaintiff in the original suit is a resident of the State. The plaintiff, a non-resident, comes into the State, and submits himself to the jurisdiction. The statute points out the mode of procedure to acquire jurisdiction over the defendant in the principal suit; not for the purpose of rendering a *personal* judgment against the non-resident defendant, but to subject the choses in action in the hands of the third party to the payment of the plaintiff's demand. To *this extent* the statute confers upon the court jurisdiction to proceed.

The writ of *mandamus* must be denied.

The other Justices concurred.