NATIONAL TELEPHONE MANUFACTURING COMPANY vs.
JOHN E. DU BOIS & others.

Suffolk. December 6, 1895. — January 2, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Creditors' Bill — Foreign Corporation — Equity Jurisdiction.*

To a foreign corporation having a place of business here and suing a citizen of another State, the courts of equity in this Commonwealth are not open as matter of strict right, but as matter of comity.

If it appears, in a suit in equity in the nature of a creditors' bill, brought by a foreign corporation having a place of business here against a citizen of another State, that complete justice cannot be done here, or that the amount involved is small, and the defendant will be subjected to great and unnecessary expense and inconvenience, and that the investigation required will be surrounded, if conducted here, with many and great if not insuperable difficulties, which will all be avoided without special hardships to the plaintiff if suit is brought against the defendant in the State where he lives and where the alleged debt was contracted, and where personal service can be made on him, our courts should decline to take jurisdiction.

BILL IN EQUITY, filed in the Superior Court, against John E. Du Bois, Edward D. Van Tassel, and Alexander R. Van Tassel, to reach and apply, under Pub. Sts. c. 151, § 2, and St. 1884, c. 285, to the payment of the defendant Du Bois's debt to the plaintiff the interest of Du Bois in a partnership composed of himself and the other defendants. A decree was entered for the plaintiff; and the defendants appealed to this court. The facts appear in the opinion.

*W. O. Underwood*, for the defendants.

*W. M. McInnes*, for the plaintiff.

---

MORTON, J.   The plaintiff in this case is a New Hampshire corporation with a place of business in Boston whose claim had not been reduced to judgment, and does not relate to a contract made in this State.   The claim is for labor, materials, and disbursements performed, furnished, and made in the State of Pennsylvania.   The principal defendant is a resident of Pennsylvania, with no property here except his interest as partner in a firm whose property, assets, books, vouchers, papers, and accounts are all with some few exceptions in Du Bois in the State of Pennsylvania, where its business chiefly is carried on, and where one of the other two partners lives with the principal defendant.   The service is by publication.

The courts of equity in this State are not open to the plaintiff as matter of strict right, but as matter of comity.   *Smith* v. *Mutual Life Ins. Co.* 14 Allen, 336, 339.   And if it appears that complete justice cannot be done here, or that the amount involved is small and the defendant will be subjected to great and unnecessary expense and inconvenience, and that the investigation required will be surrounded, if conducted here, with many and great if not insuperable difficulties, which will all be avoided without especial hardships to the plaintiff if suit is brought against the defendant in the State where he lives and where the alleged debt was contracted, and where personal service can be made on him, we think that our courts should decline to take jurisdiction.   *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341.   *Pierce* v. *Equitable Assurance Society,* 145 Mass. 56.   *Bank of North America* v. *Rindge,* 154 Mass. 203.

All of these circumstances are found in this case.   The amount of the claim is $72.75, which of itself, prior to the passage of St. 1884, c. 285, would have prevented the court from taking jurisdiction.   *Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478.   We do not think that statute was intended to encourage foreign corporations in bringing suits like the present, or to take away the power of the court to deal with them as equity and justice might require.   The alleged debt was contracted in Pennsylvania, and had not been reduced to judgment when this suit was brought, either there or anywhere.   There has been no personal service in this proceeding.   According to

the agreed facts, it is manifest that the principal defendant will be subjected to great and unnecessary expense if compelled to come here, and that the investigation required to ascertain his interest will be surrounded with difficulties, which will all be avoided without any apparent hardship to the plaintiff if it brings its suit in Pennsylvania. It is true that the agreed facts find that it would appear from an examination of the books, vouchers, and papers at the offices in Pennsylvania and in Boston that "the interest of the said John E. Du Bois (the principal defendant) . . . was in excess of the amount sought to be recovered in this suit, including costs and any possible cost of liquidating the affairs of said partnership in Massachusetts"; and for the purposes of the suit it is also agreed that the assets in Pennsylvania greatly exceed the entire indebtedness of the firm. But it is expressly stipulated that nothing contained in the agreed statements is to be regarded as a waiver on the part of any of the defendants of the question of jurisdiction. The objection to jurisdiction was seasonably taken, and, without adverting to other grounds that have been urged by the defendants, we think that for the reasons stated the bill should be dismissed, and it is so ordered.    *Bill dismissed.*