SLEIGHT v. SWANSON.

JUSTICES OF THE PEACE—JURISDICTION—NONRESIDENT PARTIES.
A nonresident of the State may bring an action against another nonresident before a justice of the peace of any city or township in this State where the defendant may be found; 1 Comp. Laws, §§ 707, 708, prescribing generally where actions cognizable by a justice shall be brought, not operating to exclude the jurisdiction in such a case.

Error to Gogebic; Haire, J. Submitted March 7, 1901. Decided July 10, 1901.

*Assumpsit* by Richard Sleight and others against Samuel Swanson on a promissory note. From a judgment for defendant, plaintiffs bring error. Reversed.

*Charles E. Miller*, for appellants.

*Julius J. Patek*, for appellee.

MOORE, J. The statement of facts is taken from the brief of counsel for appellants:

"The plaintiffs in this case, who are all nonresidents of the State of Michigan, came into justice's court in the city of Ironwood, Michigan, and commenced the above-entitled suit against Samuel Swanson, the defendant, who was also a nonresident of the State of Michigan, by short summons, and at the same time instituted garnishment pro-

ceedings against the Hayes Mining Company, as garnishee of said Samuel Swanson; the Hayes Mining Company being then a corporation doing business at Ironwood, Michigan. The garnishee defendant disclosed an indebtedness due from it to the principal defendant, Swanson.

"The summons against Swanson was personally served at the city of Ironwood, in the State of Michigan; and on the return day thereof the defendant, Swanson, appeared specially before the justice and interposed a plea in abatement, alleging that the justice had no jurisdiction in the case, for the reason that neither the plaintiffs nor the defendant were residents of the township where the justice resided, and for the reason that both the plaintiffs and the defendant were residents and citizens of the State of Wisconsin and other States, and that none of the parties to the action were residents of the State of Michigan.

" The plaintiffs demurred to the plea in abatement, and the demurrer was sustained and plea in abatement overruled by the justice. The plaintiffs filed a declaration and proceeded to judgment in the case. The defendant thereupon appealed said cause to the circuit court by special appeal, which special appeal having been brought to a hearing before the circuit court, the judgment of the justice was overruled, the plea in abatement sustained, and the plaintiffs' cause dismissed. This writ of error was sued out to review the action of the circuit judge in rendering judgment in favor of the defendant under the circumstances above detailed.

" The only question, then, to be considered, is whether nonresidents of the State of Michigan, as plaintiffs, may sue a nonresident of the State of Michigan, as defendant, in any justice's court of this State."

It is claimed by defendant that justices' courts are courts of limited and inferior jurisdiction, and are confined to the exact limits of jurisdiction prescribed by the statute; that under the limitations fixed by sections 707, 708, 1 Comp. Laws, justices' courts may not take jurisdiction of cases where none of the parties thereto are residents of this State.

The precise question here involved has never been before this court. A like question arose in relation to the circuit courts under section 10216, 3 Comp. Laws, which reads, " All actions upon contracts shall be tried in the county where one of the parties shall reside at the time of com-

mencing such action." *Haywood* v. *Johnson*, 41 Mich.
598 ( 2 N. W. 926 ), held that, as ,between parties who
were residents of the State, this statute was imperative, and
that no suit could be brought in a circuit court in any
county of the State except in the county where either the
plaintiff or defendant resided.    In the case of *Atkins* v.
*Borstler,* 46 Mich. 552 ( 9 N. W. 850 ), the question as to
whether or not this statute applied in the case of a party
who was a nonresident of the State was involved.    In that
case the plaintiff, who resided in Mecosta county, sued the
defendants, who resided in another State, on contract; the
suit being brought in Kent county, and service made
there.    The defendants objected to the jurisdiction of the
court, relying upon section 10216.    The court below sus-
tained the plea to the jurisdiction, and the plaintiff
brought error, and the court said :

" If the section applies to nonresidents of the State, the
decision below was correct.    But, if correct, it follows
that there are many transitory actions on contract, as well
as in tort, where such persons can always evade the jus-
tice of this State by keeping away from counties where
their creditors reside.    The Constitution gives jurisdic-
tion, without any exception, in such cases, to the circuit
courts.    It would not be competent for the legislature to
take it away.    And if the statute in question would have
any such effect according to its ordinary meaning, we are
compelled to choose between holding it to that extent void,
or, construing it according to what was, no doubt, its real
intent, as not applicable here.

" We have no doubt the section in question was intended
to be a beneficial section, in the direction of saving defend-
ants from vexatious suits in places remote from their homes.
It accordingly saved them the privilege of being sued at
home, or in the home county of the plaintiff, who was re-
garded as entitled also to some consideration.    It is evi-
dent that in so legislating the lawmakers had no idea of
granting a privilege to nonresidents against being sued at
all.    The natural inference is that those who were entitled
to be sued in the forum of their residence are persons
whose residence contains one of the courts of the State, so
that suits may be brought under our laws.    The language
of the statute only applies to trials of actions brought

under our laws; and, if any case arises under our laws, it would be absurd to hold that the legislature meant to say it should not be tried at all. Those who claim the privilege must point out a Michigan forum where they can be found for service of process. The statute applies to no others."

In *Newland* v. *Wayne Circuit Judge*, 85 Mich. 151 (48 .N. W. 544), both parties were nonresidents of the State. Suit was brought in Wayne county, and a resident of the State of Michigan was garnished as being 'indebted to the principal defendants. There was no service of the summons on the principal defendants. A motion was made to dismiss the writ of garnishment on the ground that the plaintiffs and defendants in the principal suit were all nonresidents of the State of Michigan, and the court held that, notwithstanding the statute (section 10216, 3 Comp. Laws), the court had jurisdiction of the case; and the court say:

" The court must have jurisdiction of the parties to the principal suit, so that, as between them, a valid judgment could be rendered, as the rights between these parties must be adjudicated, at least to the extent of the claim made against the garnishee, before the court could enter judgment against the garnishee. There is no valid reason why the courts of this State may not acquire jurisdiction over persons and choses in action as well where both parties to the original action are nonresidents of the State as where the plaintiff in the original suit is a resident of the State. The plaintiff, a nonresident, comes into the State and submits himself to the jurisdiction. The statute points out the mode of procedure to acquire jurisdiction over the defendant in the principal suit; not for the purpose of rendering a personal judgment against the nonresident defendant, but to subject the choses in action in the hands of the third party to the payment of the plaintiff's demand."

The doctrine in this case was reaffirmed in *State Bank of Eldorado* v. *Maxson*, 123 Mich. 250 (82 N. W. 31, 81 Am. St. Rep. 196).

In the case of *Cofrode* v. *Wayne Circuit Judge*, 79 Mich. 339 (44 N. W. 623, 7 L. R. A. 511), the parties

came before the court and stipulated that the court might have jurisdiction to try the case without the issuing of process. The circuit judge refused to hear the case, and application was made to the Supreme Court for *mandamus* to compel the hearing. In its opinion this court discusses the effect of section 10216, and holds that such statute applies only to residents, and cites the case of *Atkins* v. *Borstler*, *supra*. It was claimed that, if the jurisdiction was conferred by consent, it did not become obligatory upon the court to entertain jurisdiction; and this court said that the correctness of this position must depend upon the right of the plaintiff to seek redress in the courts of this State, and the court held that the right to bring suit in the courts of this State was a right secured by the United States Constitution, wherein it is declared that "the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States."

" The right to bring suit in the several courts of this State having jurisdiction is a privilege of every citizen of this State. Especially is this true with reference to the enforcement of contracts. A citizen of another State may come into this, and acquire and enjoy property. He may inherit and transmit property. He may enter into contracts, to the same extent that a citizen of this State can do so, and in this his rights are guaranteed by the above provision of the Constitution; and I think that his right to bring suit in this State, in any case where a citizen of the State may, is also guaranteed and protected by this provision of the Constitution."

Mr. Justice CAMPBELL, in his dissenting opinion, said:

"It is only when a defendant is not a resident of the State that he may be served where he can be found. This is a rule of necessity, and results from the doctrine that all persons temporarily in any county become subject to its jurisdiction, and, if they have no fixed residence, must be treated as commorant wherever they are found."

Defendant relies upon sections 707, 708, 1 Comp. Laws, which read as follows:

" (707) Every action commenced in such court shall be

brought before some justice of the peace of the city or township where:

"*First,* The plaintiffs or any of them reside; or

"*Second,* Where the defendants or any of them reside; or

"*Third,* Before some justice of another township or city, in the same county, next adjoining the residence of the plaintiff or defendant, or one of the plaintiffs or defendants: *Provided,* however, that no justice of the peace of any of the townships in the county of Wayne shall have jurisdiction over any cause or proceeding where both parties to the same, or one or more of the plaintiffs and one or more of the defendants, reside in the city of Detroit at the time of the commencement of the proceeding or cause, nor in case where the original cause of action existed in favor of a plaintiff and against a defendant both residents of said city, and has been assigned to a nonresident of said city; or

"*Fourth,* Before some justice of a city in the same county formed from a township or townships next adjoining the residence of the plaintiff or defendant, or one of the plaintiffs or defendants: *Provided,* that nothing herein contained shall change or limit the jurisdiction of a justice of the peace where the same has been prescribed by the charter of an incorporated city.

"(708) But if a defendant shall have absconded from his residence, such action may be brought before any justice of the township or city in which such defendant or his property may be; and if the plaintiffs be all nonresidents of the county, or if the defendant be a nonresident of the county, then such action may be brought before any justice of the township or city where such plaintiffs or defendants, or either of them, may be."

He also relies upon *Hall* v. *Shank,* 57 Mich. 36 (23 N. W. 478), where Justice SHERWOOD used the following language:

"It is not competent, under 2 How. Stat. § 6819, for a plaintiff to sue a defendant in a justice's court, where they are both residents of this State, in a county where neither of them reside; but, where either is a nonresident of the county, suit may be brought before any justice in any township of the county where the other resides and may at the time happen to be, and the court has jurisdiction only in those cases in which the plaintiffs, or some one of them, or the defendants, or some one of them, are resident in the county where the suit was brought."

The language used was not necessary to a determination of the case, but, if it was, it simply made the same rule for justices' courts established by *Haywood* v. *Johnson, supra,* for circuit courts, where it was held that circuit courts did not obtain jurisdiction unless one of the parties was a resident of the county, where the parties to the litigation were residents of the State, and is not controlling in favor of the position of defendant.

New York has a statute reading almost precisely like sections 707, 708, 1 Comp. Laws. A very excellent authority, in commenting upon these provisions, uses the following language:

"The statute does not, in express terms, provide for a case in which both parties, plaintiff and defendant, are nonresidents."

And he·goes on to say:

"Were it not for the restrictions of the two sections which have been cited, a plaintiff would be authorized to commence an action in any town in the county, whether the defendants were residents of the county or not.  *  *  * If both parties are nonresidents, the plaintiff's right to sue in any town in the county is not restricted, unless by the terms of the statute which declare that, in case the defendant is a nonresident, the action *may* be brought in any town in which 'he may be.

"The evident object of the statute was to provide, as far as possible, for the convenience of nonresident parties, whether plaintiffs or defendants. And when both are nonresidents, there is no reason why the convenience of one party should be consulted more than that of the other. And the reasonable rule would be that the action might be commenced in the town in which the plaintiff or the defendant might be at the time of commencing the action; since the general provisions of the law would allow an action in any town in the county, were there no restrictions, and that general rule ought to prevail in the absence of a statute expressly forbidding it." 2 Wait, Law & Prac. 54.

In *Miller* v. *Smith,* 115 Mich. 427 (73 N. W. 418, 69 Am. St. Rep. 583), there is some discussion of the juris-

diction of justices' courts. The following language is used:

"It is claimed on the part of the appellee that justices' courts are of limited and inferior jurisdiction, and are confined strictly to the authority given them by the statute, and should be held to the exact limits of jurisdiction prescribed by the statute. *Wight* v. *Warner*, 1 Doug. (Mich.) 386; *Clark* v. *Holmes*, Id. 398; *Spear* v. *Carter*, 1 Mich. 19 (48 Am. Dec. 688); *Shadbolt* v. *Bronson*, 1 Mich. 89; *Wall* v. *Trumbull*, 16 Mich. 249; *King* v. *Bates*, 80 Mich. 367 (45 N. W. 147, 20 Am. St. Rep. 518). The cases in 1 Doug. and 1 Mich. were decided before section 1, art. 6, of the Constitution of 1850 was adopted, which reads:

" 'The judicial power is vested in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace.'

" Section 18 is as follows:

" 'In civil cases, justices of the peace shall have exclusive jurisdiction to the amount of $100, and concurrent jurisdiction to the amount of $300, which may be increased to $500, with such exceptions and restrictions as may be provided by law. They shall also have such criminal jurisdiction, and perform such duties, as shall be prescribed by the legislature.'

" Section 6814, 2 How. Stat., provides that a justice of the peace 'shall have original jurisdiction of all civil actions wherein the debt or damages do not exceed the sum of $100.'

" Section 6817, 2 How. Stat., provides:

" 'Each of said courts is hereby vested with all such powers, for the purpose of exercising jurisdiction conferred by this chapter, as are usual in courts of record, except the power of setting aside a verdict and arresting judgment thereon.'

" These provisions were not contained in the Constitution prior to that date, so that those cases do not now control."

If the contention of defendant is true, we have the anomalous position that, where all the parties are nonresidents, circuit courts have jurisdiction in those cases where enough is involved to give them jurisdiction, while no court has jurisdiction if the amount is so small that only

justices of the peace have original jurisdiction. The statute ought not to be given a construction that shall produce such a result. All the reasons which impel the courts to hold that 3 Comp. Laws, § 10216, does not apply where all the parties are nonresidents, apply with equal force in construing sections 707, 708, 1 Comp. Laws.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.