(November 14, 1908.)

OLYMPIA MINING CO., a Corporation, Appellant, v. ABNER G. KERNS, WILLIAM J. HALL AND FEDERAL MINING & SMELTING CO., a Corporation, Respondents.

[97 Pac. 1031.]

APPEAL—FORMER ADJUDICATION—DISMISSAL.

    1. Where, upon appeal, this court holds that the plaintiff, a foreign corporation, cannot maintain an action, by reason of the fact that the contract sued upon required that the plaintiff should be a domestic corporation organized under the laws of this state, upon the *remittitur* going down, and there being no substitution of a domestic corporation or change in the plaintiff, the trial court is justified in dismissing the action.

    2. Where this court holds that a plaintiff cannot maintain an action, and thereby reverses the case, upon the same being called for retrial in the district court, and there being no change of plaintiff, the court is justified in refusing to admit proof to sustain the plaintiff's cause of action.

    3. Where evidence offered and refused by the court is not made a part of the judgment-roll by a bill of exceptions, this court will not examine such evidence upon an appeal from the judgment.

    4. Where every question presented upon an appeal was presented and determined by this court upon a former appeal, the latter appeal will be dismissed.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. W. Woods, Judge.

Appeal from an order dismissing the case. Motion to dismiss appeal in this court sustained.

Chas. L. Heitman, A. E. Mayhew, and E. C. MacDonald, for Appellant, cite no authorities on points decided.

J. H. Forney, and James A. Wayne, for Respondent, Kerns.

John P. Gray, for Wm. J. Hall and Federal Mining and Smelting Company.

This appeal raises no issues which were not before the court on the former appeal, and which have not been adjudicated by this court in favor of respondent, Kerns.

In the present case the appellant made certain offers of testimony, which were refused by the court, and an exception was taken by appellant's counsel, but nowhere in the transcript on appeal does it appear that this exception was ever preserved in a proper bill of exceptions. Unless such bill of exceptions is filed and settled by the district court, such matters cannot be reviewed by this court.

Now, if the appeal was taken from the judgment-roll alone, the court could consider only such documents as are made part of the same by the statute. Any question raised on this judgment-roll would be identical with the questions raised on the former appeal. (*Perkins v. Loux,* 14 Ida. 607, 95 Pac. 694.)

STEWART, J.—This case was here on a former appeal. (13 Ida. 514, 91 Pac. 92.) In the opinion rendered in that case, this court said:

"Under the provisions of the contract, Kerns had a right to insist on the organization of such corporation under the laws of the state of Idaho. That being the conclusion we have reached after a careful consideration of this case on the petition and arguments on the rehearing, the decision of that question ends this case, for until a corporation is organized in compliance with the provisions of said contract, neither Cunningham nor the respondent corporation can enforce the pro-

visions of said contract against Kerns. Until a corporation has been organized under the provisions of the contract, and has fully complied with the terms and provisions of said contract, the contract cannot be enforced against Kerns. As that is the controlling question in this case, it is not worth while for us to consider the other questions raised.''

Upon the *remittitur* going down, the cause was called for trial by consent of the parties. No amendment was made or offered to the complaint. The plaintiff, a Washington corporation, still remained the plaintiff. The issues presented to the trial court after reversal were the same as at the former trial. The plaintiff, however, offered to produce further proof, and the court announced that no further proof could be introduced by plaintiff under the supreme court decision, for the reason that under no circumstances could the action be maintained, and made an order refusing to admit such proof.

Afterward the court entered judgment for the defendant, dismissing said action and for costs. This appeal is from the judgment of dismissal.

In this court the respondent moves to dismiss the appeal, and, among other grounds, assigns ''that the case was once decided by this court and that that decision was final.'' Upon the former appeal this court held that the plaintiff, a Washington corporation, could not maintain the action. The evidence offered by the appellant and rejected by the court is not made a part of the judgment-roll by a bill of exceptions, and for that reason cannot be reviewed upon an appeal from the judgment. This, then, leaves the case here upon the judgment-roll, consisting of the same pleadings as were presented to this court upon the former appeal. The plaintiff is the same Washington corporation, and cannot maintain this action, as held in the former opinion. The trial court was justified in holding that the plaintiff could not maintain the action and in dismissing the same. Every question presented upon this appeal was presented to this court upon the former appeal and finally decided and determined by the decision rendered in that case. The motion to dismiss the appeal will be sustained. Costs awarded to the respondent.

Ailshie, C. J., and Sullivan, J., concur.