[No. 9123.  Department Two.  August 11, 1911.]

## OLYMPIA MINING AND MILLING COMPANY, *Appellant*, v. ABNER G. KERNS, *Respondent*.[1]

COURTS—JURISDICTION—SUBJECT-MATTER — LANDS — COMITY.  It is discretionary for the courts of this state to refuse, on the doctrine of comity, to assume jurisdiction of an action between nonresidents, upon a contract made and to be performed in the state of their residence, where the action involves only the title to real property in such state, especially where a similar action had been commenced and was voluntarily dismissed in such state, and there would be no way of enforcing a judgment in this state, no damages or alternative judgment being asked.

SAME—ACTION BY FOREIGN CORPORATION.  A foreign corporation would have no more right than any other party to maintain such an action by reason of its having filed articles in this state and complied with our laws.

Appeal from a judgment of the superior court for Spokane county, Canfield, J., entered April 21, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for specific performance.    Affirmed.

[1]Reported in 117 Pac. 260.

*E. C. Macdonald,* for appellant.

*Samuel R. Stern,* for respondent.

CHADWICK, J.—In the year 1901, Clarence Cunningham entered into an agreement with the defendant, looking to the promotion and development of certain mining claims in Shoshone county, state of Idaho. Pursuant to the agreement, as it is contended by Cunningham, but after the contract had been abandoned by him, as the defendant insists, and after foreclosure proceedings, defendant acquired title to the property covered by the contract, and thereafter did assessment work and patented the claims. A part of the original agreement was to the effect that Cunningham would organize a corporation and take over the property, defendant to receive, in addition to a certain stipulated purchase price for a part interest in the property, a block of the company's stock. A corporation, the Olympia Mining Company, was formed March 30, 1903, under the laws of the state of Washington, and on May 29, 1905, an action was begun by it in the state of Idaho, asking that it be declared to be the equitable owner of the property, that defendant be compelled to convey, and for general relief. From a judgment in favor of the company, an appeal was prosecuted.

The case was decided June 18, 1907, and was generally in favor of the company; but it was held that the original contract contemplated the organization of a corporation in the state of Idaho, and that defendant had a right to participate in the organization thereof. Accordingly the case was sent back to the lower court, where it was again called for trial upon the same pleadings, no amendments being offered thereto or substitution of parties had. Whereupon the trial court dismissed the action, and entered a judgment for costs. The company again appealed, and the judgment of dismissal was sustained, the supreme court again holding that the action could not be maintained by the foreign corporation. We take it that a more detailed statement of the relations of the

parties up to this time would be of no interest. If so, reference may be had to *Olympia Min. Co. v. Kerns*, 13 Idaho 514, 91 Pac. 92; *Id.*, 15 Idaho 371, 97 Pac. 1031.

After the second appeal, Mr. Cunningham caused a corporation to be formed under the laws of the state of Idaho. Articles were prepared and filed, after defendant had been given notice of the time and place of organization and of the proposed articles. Thereafter the new corporation, the plaintiff in this action, began suit in Shoshone county, Idaho, against defendant, raising substantially the same issues as in the former case. Defendant interposed a demurrer which, by consent of the plaintiff, was sustained. An amended complaint was filed, to which a demurrer was interposed; whereupon plaintiff took a voluntary dismissal. The order of dismissal was entered July 13, 1909, in the district court for Shoshone county, Idaho. Plaintiff, the Idaho corporation, having complied with the laws of the state of Washington with reference to foreign corporations, thereafter on August 23, 1909, began this action, which is substantially and to all intents the same action which had been waged by the Washington corporation in the Idaho courts, and which plaintiff had voluntarily dismissed after issue of law had been joined. Service was obtained upon defendant at a time when he was temporarily in the city of Spokane. Defendant demurred, setting up, first, that the court was without jurisdiction of the parties or the subject-matter of the action, including in the same demurrer all of the statutory grounds. This demurrer being overruled, he answered to the merits. As a separate defense, he pleaded a lack of jurisdiction. After hearing the full merits of the case, the trial judge entered conclusions as follows:

"(1) The superior court in and for the state of Washington for the county of Spokane acquired jurisdiction over the defendant.

"(2) Such jurisdiction can be exercised by the superior court in and for the county of Spokane, state of Washing-

ton, as a matter of comity, and it is within the discretion of said court as to whether or not it will hear and determine the issues involved herein.

"(3) The superior court of the state of Washington in and for the county of Spokane should not entertain jurisdiction of this case and the parties should be left to adjudicate their rights in the state of Idaho, where the contract was made, and was to have been performed and where the property involved is situated, and where plaintiff first invoked the jurisdiction of the courts in its aid.

"(4) The action may be dismissed and judgment may be entered accordingly."

Plaintiff has appealed.

The first point relied upon by appellant is that, personal service being had of the defendant within our state, the lower court was clothed with full jurisdiction and the right to pass finally upon the merits of the controversy, for the reason that respondent did not limit his appearance but included therein grounds which invoked the general jurisdiction of the court, and that his answer was in the nature of a cross-complaint demanding affirmative relief. As we view the case, it is not necessary to enter into a discussion of the question of jurisdiction. It is enough that we agree with the trial judge in his finding that personal jurisdiction was acquired over the defendant, and that he might, so far as that question is concerned, have pronounced judgment in the case. But under the facts disclosed by the record, the subject-matter of the action being situate in, and the parties being domiciled or resident within, the state of Idaho, we take it that it will require no argument to sustain the proposition that the jurisdiction of our courts cannot be invoked as a matter of right, but rests in the doctrine of comity. That a court may refuse to entertain jurisdiction where the parties are nonresidents and the cause of action originated and is to be performed beyond the limits of the state, is well established. *Morris v. Missouri Pac. R. Co.*, 78 Tex. 17, 14 S. W. 228, 22 Am. St. 17, 9 L. R. A. 349; *Great Western Co. v. Miller*,

19 Mich. 305; *National Tel. Mfg. Co. v. Du Bois*, 165 Mass. 117, 42 N. E. 510, 52 Am. St. 503, 30 L. R. A. 628.

Nor is this discretion entirely unqualified in a case like this, for the judgment must be personal in its character, and will be inoperative so far as the subject-matter is concerned. A decree giving appellant all he asks would be no more than a roving commission to again invoke the courts of Idaho, where a decree operating on the property must eventually be taken.

"The plaintiffs necessarily will be referred to the courts of Missouri to compel the defendant to respect their rights, in case compulsion is necessary. The most that we can do, if they have the right they claim, is to reduce it to *res judicata*. Whether they have that right is a question of Missouri law touching the internal affairs of a Missouri corporation. The objection to our proceeding with the case was taken at the outset, and we are of opinion that it must prevail. We assume, for the purposes of decision, that we have jurisdiction in such a sense that, if we proceeded to a decree upon the merits, it would be binding in Missouri. But it seems to us clear that, as among the states of this Union, the plaintiffs ought to resort in the first instance to that court which alone can declare the law of the case with authority, and can compel obedience to it by force. It would be a misuse of our powers to attempt to control the action of those courts in a case like this, by an adjudication which would depend upon them for enforcement, and which they might say had mistaken the Missouri law; . . ." *Kimball v. St. Louis etc. R. Co.*, 157 Mass. 7, 31 N. E. 697, 34 Am. St. 250.

See, also, *Fall v. Eastin*, 215 U. S. 1; *Olmsted v. Olmsted*, 216 U. S. 386.

This case does not rest upon the right to sue or be sued in any court, but rather upon the completeness and justness of the judgment which might be rendered. It has been held that actions for damages *ex delicto* and *ex contractu* for injuries to real property, no question of title appearing, and under certain conditions suits for specific performance, are transitory actions; the latter upon the theory that the court

could enter an alternative judgment for money, or otherwise coerce performance. But it is settled, without conflict of authority, that the courts of one state or country have no authority to divest title to the real estate of an involuntary defendant, situated in a foreign state, or to entertain an action for trespass or ejectment, it being most aptly said in the books that such actions "touch the title" and are purely local in character.

To come within the law, appellant has waged this appeal upon the theory that this is a transitory action, and cites many cases to sustain its assertion that the court "is bound to take jurisdiction in a transitory action between nonresidents, where the defendant submits himself to the jurisdiction of the court by general appearance." The trial judge was of opinion that this is a transitory action (for specific performance), and entered a decree upon the theory that it was not a proper case for the exercise of his jurisdiction, reference being had to the doctrine of comity. But whether it be held to be local or transitory, and whatever may have been the original right of the parties under their contract, intervening circumstances have so altered their relations to the subject-matter of the controversy that a court can no longer make a decree by reference to the contract alone, but must go beyond it and inquire into equities that cannot be held to be within the contemplation of the parties at the time the contract was made; all of which may be dependent on the application of some statute or rule of law local to the state of Idaho. Such circumstances rob a case, otherwise transitory, of such character, and impel courts to send the litigants to that forum where a final and an effective judgment may be rendered.

The cases relied on by appellant, so far as they touch real property, turn on some exception to the general rule; as, for instance, in *Cofrode v. Gartner*, 79 Mich. 332, 44 N. W. 623, 7 L. R. A. 511, although the property was situate in a foreign state, the court held, and properly, that a contract

relating thereto would be enforced at the place of its performance. The same principle is involved in the case of *Hunter v. Wenatchee Land Co.*, 36 Wash. 541, 79 Pac. 40. In *State Bank of Eldorado v. Maxson*, 123 Mich. 250, 82 N. W. 31, 81 Am. St. 196, property was attached, and jurisdiction was made to rest upon the principle announced in *Sleight v. Swanson*, 127 Mich. 436, 86 N. W. 1010, that being a garnishment proceeding. Of like character is the case of *Dittenhoefer v. Coeur d'Alene Clothing Co.*, 4 Wash. 519, 30 Pac. 660, where the court recognized the rule that, unless jurisdiction attached to some *res*, a personal action could not be sustained against a nonappearing defendant. All other cases cited by appellant are either for breach of a personal contract or for the recovery of damages, and clearly within the definition of transitory actions.

Out of the wilderness of authority, this rule comes: That a court of equity, having jurisdiction of the parties, may assume to dispense the subject-matter, although it be located in another state or country, if it can grant effective relief by a decree acting solely upon the person whose title or interest in the land is to be affected. In such cases there must be a proper case for equitable interference as well as the right to grant a decree personal in its character. The courts act upon the contracts of parties, but do not try titles where the essence of the action is title or right of possession. While not always clearly indicated, the fundamental principle that the title or right of possession in real property should be tried only in the place where the property is situated, runs through all of the cases. It is in this that this case is to be distinguished from that line of cases compelling specific performance, etc. Nothing more is involved in this case than the title and possession of the mining claims located in the state of Idaho, to which each party sets up a claim and to which the relations of the parties, or at least one of them, have been changed by force of local proceedings occurring in that state since the execution of the con-

tract upon which appellant relies. No damages are alleged or demanded. No alternative judgment is asked. Our decree could not be drawn without determining title and right of possession. This test, in our judgment, makes the action more properly subject to the *lex rei situs*, and sustains the judgment of the lower court.

Appellant further contends that, having filed articles of incorporation in this state and otherwise complied with our laws, to deny a recovery is to deprive it of the right of equal protection of the laws. Granting that foreign corporations are entitled to the same rights as our own citizens, it does not follow that they have greater rights. The rule herein announced is general and applies to all alike.

We find no equity or reason in law for sustaining appellant's plea, and the judgment is affirmed.

DUNBAR, C. J., ELLIS, CROW, and MORRIS, JJ., concur.